A. Barry Cappello (CSB No. 037835)
abc@cappellonoel.com
Lawrence J. Conlan (CSB No. 221350)
lconlan@cappellonoel.com
Wendy D. Welkom (CSB No. 156345)
wwelkom@cappellonoel.com
**CAPPELLO & NOËL LLP**
831 State Street
Santa Barbara, CA 93101-3227
Telephone:  (805)564-2444
Facsimile:  (805)965-5950

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL BROPHY, JR., an individual, | Case No.  8:17-cv-01885 |
| Plaintiffs, v. | **COMPLAINT FOR:** |
| BELCALIS ALMANZAR aka CARDI B, an individual; KSR GROUP, LLC, a New York limited liability company; WASHPOPPIN, INC., a New York corporation; and DOES 1-20, inclusive, | **(1) MISAPPROPRIATION OF LIKENESS OR IDENTITY** |
| | **(2) VIOLATION OF CALIFORNIA CIVIL CODE § 3344** |
| Defendants. | **(3) INVASION OF PRIVACY – FALSE LIGHT** |

1      Plaintiff KEVIN MICHAEL BROPHY, JR. asserts this action against

2  defendants KSR GROUP, LLC; BELCALIS ALMANZAR aka CARDI B;

3  WASHPOPPIN, INC., and DOES 1-20, as follows:

4

5                          **NATURE OF THIS ACTION**

6      1.      This is a diversity action asserting California state law claims for

7  privacy and publicity rights.  Plaintiff is a family man with minor children.  He and

8  his family reside near Los Angeles where he works professionally for a surfing and

9  lifestyle company.  Plaintiff formerly worked in the entertainment industry.  For

10  more than 10 years, he has had a unique tattoo across his entire back depicting a

11  tiger battling a snake, with other interrelated tattoos that continue around his torso

12  and along his arms.  Plaintiff's body art is striking, and readily identifiable amongst

13  a wide-ranging community of fellow professionals and friends.  Plaintiff's

14  Instagram feed has nearly 10,000 followers.

15      2.      Defendants, including Belcalis Almanzar, also known as "Cardi B"

16  have misappropriated the unique likeness of plaintiff's body art and image and have

17  used it in a misleading, offensive, humiliating and provocatively sexual way to

18  launch her career in music and entertainment.  Without plaintiff's knowledge or

19  consent, defendants Cardi B, her agent KSR Group, LLC, and her business

20  Washpoppin, Inc., used plaintiff's body art and image for the cover of her career

21  launching mixtape *Gangsta Bitch Music Vol. 1* ("*Gangsta Bitch*").  The cover

22  shows Cardi B forcing plaintiff to perform cunnilingus on her, holding him face-

23  down between her legs – his unique back tattoo and likeness featured conspicuously

24  at the center of the image – while she drains a 24-ounce bottle of Corona Extra beer

25  and stares lustfully into the camera.

26      3.      Plaintiff's image is being used to attract consumer attention to Cardi B

27  and her product, to sell her music, and to promote her career.  On information and

28  belief, plaintiff's image and likeness on the mixtape cover have generated millions

1   of views on the internet and other media.

2       4.      Plaintiff became aware of defendants' misappropriation and egregious

3   use of his likeness approximately eight months ago.  Since then, he has had to face

4   uncomfortable comments, questions, and ridicule, from community members and

5   family, related to this matter.  His family dynamic has been adversely affected, and

6   his work and professional life have been unalterably damaged by his having to

7   explain this unconsented-to, offensive, and malicious use of his image.

8       5.      Plaintiff seeks compensatory, statutory, and punitive damages for this

9   invasion of privacy and misappropriation, as well as injunctive relief.

10

11                          **JURISDICTION AND VENUE**

12      6.      This Court has diversity jurisdiction over this action pursuant to 28

13  U.S.C. § 1332(a), in that plaintiff and defendants are citizens of different States,

14  and this action seeks over $75,000.00 in damages.  The claims asserted herein are

15  solely state-law claims arising under the laws of the State of California.

16      7.      Venue is proper in this Court in that a substantial part of the events or

17  omissions giving rise to the plaintiff's claims occurred in this judicial district.  28

18  U.S.C. § 1391(b)(2), (c)(2), (d).

19

20                                    **PARTIES**

21      8.      Plaintiff Kevin Michael Brophy, Jr. is an individual, domiciled in

22  Costa Mesa, California.

23      9.      Defendant BELCALIS ALMANZAR, also known as and referred to

24  herein as "Cardi B," is an individual, believed to be domiciled in New Jersey, and

25  the principal of defendant WASHPOPPIN, INC.

26      10.     Plaintiff is informed and believes that defendant KSR GROUP, LLC,

27  is a New York limited liability company, with principal place of business in New

28  York, New York.

1    11.    Plaintiff is informed and believes that defendant WASHPOPPIN,

2    INC., is a New York corporation, with principal place of business in New York,

3    New York.

4    12.    The true names and capacities, whether individual, corporate, associate

5    or otherwise, of the defendants named herein under the fictitious names of DOES 1

6    through 20, inclusive, are unknown to plaintiff, who therefore sues said defendants

7    by such fictitious names.  Plaintiff will ask leave of Court to amend this complaint

8    and insert the true names and capacities of said defendants when the same have

9    been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that

10   each of the defendants designated herein as a "DOE" is legally responsible in some

11   manner for the events and happenings herein alleged, and that plaintiff's damages

12   as alleged herein were proximately caused by such defendants.

13   13.    At all times material herein, each defendant was the agent, servant and

14   employee of each of the remaining defendants, and acting within the purpose, scope

15   and course of said agency, service and employment, with the express and/or

16   implied knowledge, permission and consent of the remaining defendants, and each

17   of them, and each of said defendants ratified and approved the acts of the other

18   defendants.

19   **GENERAL ALLEGATIONS**

20   14.    Plaintiff is a dedicated husband and father, and his wife and two young

21   children are the love of his life.  He and his family spend active, quality time

22   together, including beach time, where they enjoy surfing and swimming together.

23   Surfing has been plaintiff's passion since childhood.

24   15.    Plaintiff works for a socially-conscious surf and lifestyle company in

25   Newport Beach, California.  Through his work, plaintiff is able to promote his

26   values, in that he is able to offer quality products for the surfing community and

27   families, and support environmental and artistic endeavors as well.

28   16.    Plaintiff began decorating his body with art when he was 18 years old.

4

COMPLAINT
8:17-cv-01885

Body art is not uncommon or unusual in the entertainment and surfing communities in which plaintiff has worked, but plaintiff's tattoos are one of a kind, especially the art on his back that was inked ten years ago.

17.    Plaintiff's back tattoo is a graphic depiction of an enormous tiger bearing its fangs in a battle with a giant snake, an image and likeness by which he is now widely recognized.  A true image of plaintiff's back tattoo is shown below and incorporated herein.



COMPLAINT
8:17-cv-01885

1    18.    Plaintiff has never seen his tattoo on another person, and he is

2    informed and believes that the artist who inked it has not given it to any other

3    person.  Plaintiff believes he is the only person in the world with the tattoo.

4    Because plaintiff's vocation and avocation require him to wear board shorts but no

5    shirt regularly, his back and tattoos are frequently exposed.  As a result, his back

6    tattoo has become a unique feature and likeness by which both his friends and the

7    business and surfing community know him.  People can instantly recognize him by

8    his tiger snake tattoo.

9    19.    Defendant Cardi B is a former stripper and entertainer from the Bronx

10   who dabbled in reality television.  In March 2016, she dropped her first mixtape,

11   *Gangsta Bitch*, which – boosted by the sexually-charged image of plaintiff wedged

12   between her legs – launched her career as a rapper and a social media personality.

13   The *Gangsta Bitch* mixtape cover and use of plaintiff's image promotes her "no

14   filter attitude," and she is described on Apple Music Preview as a "raw and

15   aggressive rapper."  She has developed a wide audience, and her presence in

16   California is strong.

17   20.    Approximately eight months ago, plaintiff became aware for the first

18   time of the use of his image on the cover of *Gangsta Bitch*, when a friend asked

19   him if he knew about it, emphasizing how crazy it was that his back and body art

20   were on the cover, showing him cunnilinging this rapper called Cardi B.  Plaintiff

21   then searched for *Gangsta Bitch* on the internet and was shocked, outraged,

22   humiliated, and appalled at what he saw.

23   21.    The *Gangsta Bitch* cover explicitly misrepresents plaintiff having sex

24   with Cardi B.   Plaintiff's body art is readily identifiable across the image from his

25   unique, recognizable tiger snake back tattoo.  Plaintiff has never met Cardi B, yet

26   she and her agents and fellow-defendants forced him unwillingly into an image of

27   his face between her legs, which are spread wide around his back and his tiger

28   snake tattoo.  Plaintiff never consented to nor would consent to his image, real or

1  photo-shopped, yet the image is now published and re-published across the internet

2  on a daily basis.  A true copy of the *Gangsta Bitch* cover is shown below and

3  incorporated herein.



23       22.     The cover of *Gangsta Bitch* is designed to attract consumers to the

24  Cardi B edgy persona, and to promote her music and her image as a hard, dominant

25  and aggressive rapper.  This includes the unauthorized use of plaintiff's likeness,

26  his unique tiger snake tattoo as an essential part of the scenario, featuring plaintiff

27  as her sex toy.

28  ///

23.    Plaintiff did not consent to the use of his image and likeness on the *Gangsta Bitch* cover, nor would he.

24.    Since hearing the first comment about the image approximately eight months ago, plaintiff has had to face ongoing and uncomfortable questions and comments about the *Gangsta Bitch* cover.  He has felt ridiculed, disgusted, and humiliated, as the use of his image portrays him in a false light.

25.    Plaintiff's family life has been negatively affected by the use of his image and likeness on the *Gangsta Bitch* cover.  He has been devastated as a result of the trauma to his wife and children; he worried that his wife believed he had betrayed her.  He cringes at the thought of his son viewing the image on the internet after he accidentally saw it while plaintiff and his wife tried to figure out how it could have ever appeared on the mixtape cover.  Plaintiff's son questioned him – i.e. asking what plaintiff was doing there and who was the girl.  Plaintiff had to explain that the picture was false, that even though it showed his back tattoo it was not him, and it didn't really happen.  At the time, his son was enrolled in a Christian pre-kindergarten school, consistent with plaintiff's and his wife's family beliefs. His son has not forgotten the picture, and he has referred to it periodically, to plaintiff's chagrin.

26.    All the while plaintiff suffers, Cardi B's public presence is ever-increasing, and the view of plaintiff's image on her mixtape cover is increasing exponentially.  Plaintiff is informed and believes that the use of his image on the *Gangsta Bitch* cover was fundamental to launching her popularity and notoriety, including sales of *Gangsta Bitch* and all of her later music and commercial value. Plaintiff is informed and believes that Cardi B's audience reach is enormous.  On September 25, 2017, Cardi B became the first female rapper to top the Billboard Hot 100 since 1998.

27.    Plaintiff's image and likeness on the *Gangsta Bitch* cover is now widely displayed across the internet, including on iTunes, Amazon, and Spotify.

8

The cover is displayed not only for sales and marketing of the *Gangsta Bitch* mixtape, but also re-displayed for each individual song on the mixtape, making plaintiff and his tattoo the feature picture for Cardi B's platform database, which is estimated to exceed *nine million* followers.

28.    Plaintiff is informed and believes, and thereupon alleges, that his image and likeness on the *Gangsta Bitch* cover has also been displayed in print and other commercial media and marketing materials at different times.  Cardi B has appeared on television, YouTube, and other national and global media.

29.    She has also appeared in person for engagements in California in the last two years, and reaches out to California audiences to promote her image and sell herself and her commercial product.  Cardi B's increased public presence, including in California, has increased the magnitude of plaintiff's harm, as the *Gangsta Bitch* cover – and his likeness – is now everywhere, subjecting plaintiff to increased distress and humiliation.  Plaintiff is informed and believes that the defendants have generated – and continue to generate – millions and millions of views of plaintiff's image across the internet and other media, for their commercial benefit, and to plaintiff's detriment.

30.    As a result of defendants' conduct, plaintiff has suffered damages, including but not limited to: (1) injury to reputation; (2) humiliation, embarrassment and mental distress; (3) amounts reflecting compensation for unauthorized use of his likeness, including profits made by defendants; (4) loss of the commercial value of his likeness; and (5) other damages, all in an amount to be determined at trial, but which are estimated to exceed $5,000,000.00.

31.    Plaintiff is also entitled to preliminary and permanent injunctive relief to require the defendants to cease their unauthorized use of plaintiff's image.

///

///

///

COMPLAINT
8:17-cv-01885

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CLAIM FOR RELIEF

### (Misappropriation of Likeness or Identity)

32.     Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

33.     As alleged herein, defendants used plaintiff's likeness or identity without his permission.

34.     Defendants gained a commercial or other benefit by using plaintiff's likeness or identity.

35.     Plaintiff was harmed.

36.     Defendants' conduct was a substantial factor in causing plaintiff's harm.

37.      In doing the acts herein alleged, defendants acted fraudulently, willfully, maliciously, oppressively, and with intentional disregard of plaintiff's interests and privacy, and subjected plaintiff to unjust hardship.  As a result of this conduct, plaintiff is entitled to punitive damages.

38.     Plaintiff is also entitled to preliminary and permanent injunctive relief to require the defendants to cease the unauthorized use of plaintiff's image.

## SECOND CLAIM FOR RELIEF

### (Violation of California Civil Code § 3344)

39.     Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

40.     As alleged herein, defendants knowingly used plaintiff's likeness to advertise or sell the Gangsta Bitch mixtape and launch Cardi B's career as a rapper and entertainer.

41.     The use did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign.

42.     Defendants did not have plaintiff's consent.

///

10

43.    Defendants' use of plaintiff's likeness was directly connected to defendants' commercial purpose.

44.    Plaintiff was harmed.

45.    Defendants' conduct was a substantial factor in causing plaintiff's harm.

46.    As a result of defendants' conduct, plaintiff is entitled to recover actual, special, and statutory damages, profits attributable to such unauthorized use, and attorney's fees and costs.

47.    In addition, in doing the acts herein alleged, defendants acted fraudulently, willfully, maliciously, oppressively, and with intentional disregard of plaintiff's interests, and subjected plaintiff to unjust hardship.  As a result of this conduct, plaintiff is entitled to punitive damages.

### THIRD CLAIM FOR RELIEF

### (Invasion of Privacy – False Light)

48.    Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

49.    As alleged herein, defendants publicized information or material that showed plaintiff in a false light.

50.    The false light created by the publication would be highly offensive to a reasonable person in plaintiff's position.

51.    Defendants were negligent in determining the truth of the information or whether a false impression would be created by its publication.

52.    Plaintiff was harmed.

53.    Defendants' conduct was a substantial factor in causing plaintiff's harm.

54.    In doing the acts herein alleged, defendants acted fraudulently, willfully, maliciously, oppressively, and with intentional disregard of plaintiff's interests, and subjected plaintiff to unjust hardship.  As a result of this conduct,

COMPLAINT
8:17-cv-01885

1  plaintiff is entitled to punitive damages.

2       55.     Plaintiff is also entitled to preliminary and permanent injunctive relief

3  to require the defendants to cease the unauthorized use of plaintiff's image.

4                                    **PRAYER**

5       WHEREFORE, Plaintiffs pray for judgment against defendants, and each of

6  them, as follows:

7  ON THE FIRST and THIRD CLAIMS FOR RELIEF:

8       1.  For compensatory damages in an amount to be determined at trial.

9       2.  For punitive damages in an amount to be determined at trial.

10      3.  For preliminary and permanent injunctive relief, requiring the defendants

11          to cease the unauthorized use of plaintiff's image.

12  ON THE SECOND CLAIM FOR RELIEF:

13      1.  For compensatory actual damages in an amount to be determined at trial.

14      2.  For statutory damages, as appropriate.

15      3.  For disgorgement of profits from the unauthorized use.

16      4.  For punitive damages in an amount to be determined at trial.

17      5.  For attorney's fees and costs.

18  ON ALL CLAIMS FOR RELIEF:

19      1.  For interest at the legal rate.

20      2.  For attorney's fees on all applicable claims.

21      3.  For costs of suit incurred herein.

22      4.  For such other further relief as the court may deem just and proper.

23
   DATED:  October 26, 2017             CAPPELLO & NOËL LLP
24

25
                                        By: */s/A. Barry Cappello*
26                                          A. Barry Cappello
                                            Lawrence J. Conlan
27                                          Wendy D. Welkom

28                                      Attorneys for Plaintiff

                                    12

1

## **DEMAND FOR JURY TRIAL**

2

3      Plaintiff demands a trial by jury of all issues so triable in this action.

4

5   DATED:  October 26, 2017                CAPPELLO & NOËL LLP

6

7                                          By:  */s/A. Barry Cappello*
                                                A. Barry Cappello
8                                               Lawrence J. Conlan
                                                Wendy D. Welkom
9
                                                Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
8:17-cv-01885