**Alan G. Dowling**
(California Bar No. 70686)
Email: agdowling@aol.com
**ALAN G. DOWLING,**
**A PROFESSIONAL CORPORATION**
1043 Pacific Street, No. 1
Santa Monica, California 90405
Telephone: (818) 679-6395
Fax: (424) 238-5366
*Attorney for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **Kevin Michael Brophy, Jr.,** an individual, <br><br> Plaintiff, <br><br> Vs. <br><br> **Belcalis Almanzar**, aka Cardi B, an individual; **KSR Group, LLC,** a New York limited liability company; **Washpoppin, Inc.,** a New York corporation; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. **8:17-cv-01885-CJC-JPR** <br><br> Hon. Cormac J. Carney, U.S. District Judge <br><br> **ANSWER OF DEFENDANT WASHPOPPIN, INC. TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint filed: 10/26/2017 <br> Pre-Trial Conf.: 08/03/2020 <br> Trial Date:      08/11/2020 |

Defendant WASHPOPPIN, INC., a New York corporation (hereinafter Defendant, or sometimes "Washpoppin") hereby responds to and answers the Complaint on file against said Defendant in this action by admitting, denying and

1

averring as follows.  (These responses are organized under the same headings as appear in the Complaint, for clarity of context and presentation, and each response is numbered to accord with the numbered paragraph of the Complaint to which it pertains.)

## NATURE OF THIS ACTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

2. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 2 of the Complaint.

3. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

5. Defendant admits that Plaintiff seeks compensatory, statutory, and punitive damages, as well as injunctive relief,  in this action.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 5 of the Complaint; further specifically denies that Defendant is liable to Plaintiff for, owes or is otherwise obligated to pay Plaintiff damages in the sum alleged in the Complaint, or any other sum at all; and further specifically denies that Plaintiff is entitled to any other form of relief sought by the Complaint.

///

///

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

**ANSWER OF DEFENDANT WASHPOPPIN, INC. TO COMPLAINT**

ALAN E. DOWLING, A PROFESSIONAL CORPORATION
Santa Monica, CA

## JURISDICTION AND VENUE

6. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 6 of the Complaint.

7. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 7 of the Complaint.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies, generally and specifically, each and every such allegation set forth therein.

9. Defendant admits that Defendant Belcalis Almanzar is an individual also known as and referred to as "Cardi B," and is a principal of Defendant Washpoppin, Inc.   Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 9 of the Complaint.

10. Responding to Paragraph 10 of the Complaint, Defendant admits that Defendant KSR Group, LLC, is a New York limited liability company, with its principal place of business in New York, New York.

11. Responding to Paragraph 11 of the Complaint, Defendant admits that Defendant Washpoppin, Inc., is a New York corporation, with its principal place of business in New York, New York.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies, generally and specifically, each and every such allegation set forth therein.

13. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 13 of the Complaint.

3

ALAN A.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

## GENERAL ALLEGATIONS

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

17. Defendant admits that Plaintiff alleges that the photograph set forth in Paragraph 17 of the Complaint, which is purportedly of Plaintiff, depicts Plaintiff's "back tattoo" and Defendant avers that the photograph speaks for itself and is the best evidence of its own contents.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

19. Defendant admits that Defendant Almanzar formerly worked as a stripper; the she resided in The Bronx; that she appeared and performed on a reality television show; that her first mixtape of recorded music, entitled *Gangsta Bitch Music Vol. 1*, was initially released in March 2016; that she has

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

**ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT**

developed a large audience.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

21. Defendant admits that Plaintiff alleges that the photograph set forth in Paragraph 21 of the Complaint, constitutes the mixtape artwork photo prepared and used in conjunction with the release of *Gangsta Bitch Music Vol. 1,* and Defendant avers that the photograph speaks for itself and is the best evidence of its own contents.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 21 of the Complaint.

22. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 22 of the Complaint.

23. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

ALAN D. DOWLING, A PROFESSIONAL CORPORATION
SANTA MONICA, CA

26. Defendant admits that at one point, Cardi B became the first female rapper to top the Billboard Top 100 since 1998.   Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis   denies, generally and specifically, each and every such allegation set forth therein.

28. Defendant admits that Cardi B has appeared on television and YouTube. Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 28 of the Complaint.

29. Defendant admits that Cardi B has appeared in person for engagements in California in the last two years.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 28 of the Complaint.

30. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 30 of the Complaint; further specifically denies that Defendant is liable to Plaintiff for, owes or is otherwise obligated to pay Plaintiff damages in the sum alleged in this Paragraph of the Complaint, or any other sum at all; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

31. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 31 of the Complaint; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

///

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

ALAN
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

## FIRST CLAIM FOR RELIEF

### (Misappropriation of Likeness or Identity)

32. Defendant realleges and incorporates herein as if set forth at length all of Defendants admissions, denials, averrals and other answers to the allegations set forth in Paragraphs 1 through 31, inclusive.

33. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 33 of the Complaint.

34. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 34 of the Complaint.

35. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 35 of the Complaint.

36. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 36 of the Complaint.

37. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 37 of the Complaint; further specifically denies that Defendant is liable to Plaintiff for, owes or is otherwise obligated to pay Plaintiff damages in the sum alleged in this Paragraph of the Complaint, or any other sum at all; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

38. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 38 of the Complaint; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Violation of California Civil Code 3344)

39. Defendant realleges and incorporates herein as if set forth at length all of Defendants admissions, denials, averrals and other answers to the allegations

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

ALAN P.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

set forth in Paragraphs 1 through 38, inclusive.

40. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 40 of the Complaint.

41. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 41 of the Complaint.

42. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 42 of the Complaint.

43. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 43 of the Complaint.

44. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 44 of the Complaint.

45. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 45 of the Complaint.

46. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 46 of the Complaint; further specifically denies that Defendant is liable to Plaintiff for, owes or is otherwise obligated to pay Plaintiff damages in the sum alleged in this Paragraph of the Complaint, or any other sum at all; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

47. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 47 of the Complaint; further specifically denies that Defendant is liable to Plaintiff for, owes or is otherwise obligated to pay Plaintiff damages in the sum alleged in this Paragraph of the Complaint, or any other sum at all; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

///

///

ALAN
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Invasion of Privacy – False Light)

48. Defendant realleges and incorporates herein as if set forth at length all of Defendants admissions, denials, averrals and other answers to the allegations set forth in Paragraphs 1 through 47, inclusive.

49. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 49 of the Complaint.

50. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 50 of the Complaint.

51. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 51 of the Complaint.

52. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 52 of the Complaint.

53. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 53 of the Complaint.

54. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 54 of the Complaint; further specifically denies that Defendant is liable to Plaintiff for, owes or is otherwise obligated to pay Plaintiff damages in the sum alleged in this Paragraph of the Complaint, or any other sum at all; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

55. Defendant denies, generally and specifically, each and every allegation set forth in Paragraph 55 of the Complaint; and further specifically denies that Plaintiff is entitled to any other form of relief under this claim and Paragraph of the Complaint.

///

///

ALAN G. DOWLING, A PROFESSIONAL CORPORATION
Santa Monica, CA

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

### (Failure to State a Claim)

The Complaint, and each of the claims for relief alleged therein, fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Waiver)

Plaintiff waived each and all of his claims and the right to any relief relating thereto, in whole and in part.

## Third Affirmative Defense

### (Estoppel)

Plaintiff is estopped from asserting or prosecuting each and all of his claims, and from obtaining any relief relating thereto.

## Fourth Affirmative Defense

### (License)

Plaintiff's claims and each of them are barred, in whole or in part, by implied and/or express license.

## Fifth Affirmative Defense

### (Laches)

Plaintiff's claims and each of them are barred, in whole or in part, by the doctrine of laches.

## Sixth Affirmative Defense

### (Fair Use)

Plaintiff is barred from obtaining the relief sought by each and all of his claims by virtue of the doctrine of fair use, taking into account, among other things, the purpose and character of the alleged use by Defendants; the nature of the work, i.e., the photograph, depicting Plaintiff that was allegedly used by Defendants; the amount

10

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ALAN
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

of the portion of the photograph of Plaintiff that was alleged used by Defendants, in relation to the entirety of the original photograph of Plaintiff; and the effect , if any, of the alleged use by Defendants upon the potential market for or value of the original photograph of Plaintiff (or Plaintiff's visual identity in general).

## Seventh Affirmative Defense

### (Acquiescence)

Plaintiff acquiesced in the conduct of Defendants alleged in the Complaint, and on that basis is barred from prosecuting his claims or receiving any of the relief sought thereby.

## Eighth Affirmative Defense

### (Consent)

Plaintiff is barred from obtaining the relief sought by each and all of his claims because Plaintiff expressly and/or impliedly consented to any use of Plaintiff's name, photograph or likeness by Defendants, and any use by Defendants of the rights relating to such use which are the subject of Plaintiff's claims.

## Ninth Affirmative Defense

### (Permission/License)

Plaintiff is barred from obtaining the relief sought by each and all of his claims because any use of Plaintiff's name, photograph or likeness by Defendants or any of them was permitted by express and/or implied license.

## Tenth Affirmative Defense

### (Third Party Causation)

Plaintiff's claimed damages were directly and proximately caused, in whole or part, by acts or omissions of third parties not named as parties in this action, for which Defendants are neither responsible nor liable.

///

///

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

ALAN E. DOWLING, A PROFESSIONAL CORPORATION
Santa Monica, CA

### Eleventh Affirmative Defense

(Plaintiff's Causation of Own Damages)

Plaintiff's claimed damages were directly and proximately caused, in whole or part, by acts or omissions of Plaintiff himself, for which Defendants are neither responsible nor liable.

### Twelfth Affirmative Defense

(Failure to Mitigate Damages)

Plaintiff has failed to mitigate his alleged damages, if any.

### Thirteenth Affirmative Defense

(Preclusion of Post-Filing Damages)

By filing his Complaint in this action, publicly stating his unequivocal denial that it was in fact Plaintiff in the mixtape artwork photo for *Gangsta Bitch Music Vol. 1*, and as a result of the worldwide publicity pertaining to the filing and prosecution of this action and which reiterated or acknowledged Plaintiff's denial, no income received by Defendants or any of them, from and after the date of commencement of this action (including in particular, but without limitation, income from exploitation of *Gangsta Bitch Music Vol. 1*, itself) can be reasonably considered to have resulted from anyone's mistaken belief that it was Plaintiff himself posing in the mixtape artwork photo with Cardi B. Moreover, from the date of commencement of this action onward, Plaintiff cannot be said to have suffered any injury or damages whatsoever, based on any allegation of mistaken identity, false appearance of identity or the communication by Defendants of any false information or impression concerning Plaintiff).

///
///
///
///

12

ALAN G. DOWLING, A PROFESSIONAL CORPORATION
Santa Monica, CA

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

### Fourteenth Affirmative Defense

#### (Unjust Enrichment)

Plaintiff is seeking to recover more than Plaintiff is, or could ever be, entitled to recover in this case, and the award of judgment sought by Plaintiff would unjustly enrich Plaintiff.

### Fifteenth Affirmative Defense

#### (Unclean Hands)

Plaintiff is barred, under the doctrine of unclean hands, from asserting any of his claims or recovering any of the relief sought thereby. Plaintiff's own wrongdoing, acts and/or omissions included, without limitation, his own publication via the internet, without prior authorization or consent, without ownership or authorship credit, and with no notice of copyright or use of other means (such as watermarks) of limiting, deterring or preventing further reproduction and use of those works by third parties, of copies of photographs of Plaintiff depicting Plaintiff's back and arm tattoos, where said photographs and the tattoo designs displayed therein were in fact created, and any copyright therein was and is owned, by third parties, whose rights Plaintiff therefore infringed by Plaintiff's unauthorized uses of their works.

### Sixteenth Affirmative Defense

#### (Assumption of Risk)

Where Plaintiff published, via the internet, photographs of Plaintiff depicting his back and arm tattoos, without identifying himself by name, and without use of any other means of limiting, deterring or preventing further reproduction and use of those works by third parties, Plaintiff assumed the risk of reproduction and use of such photographs by unknown third parties, unaware of Plaintiff's identity (from the lack of any identifying information in Plaintiff's own publication of them, not to mention in subsequent re-publication by third parties).

**ANSWER OF DEFENDANT WASHPOPPIN, INC. TO COMPLAINT**

ALAN E.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

### Seventeenth Affirmative Defense

(No Duty of Inquiry)

Where Plaintiff published, via the internet, photographs of Plaintiff depicting his back and arm tattoos, without identifying himself by name, and without use of any other means of limiting, deterring or preventing further reproduction and use of those works by third parties, and as a result such photographs were re-published by third parties of various websites such as Pinterest without any identification of Plaintiff, neither Defendants, or any of them, or any third party acting with or for Defendants, had any affirmative obligation or duty to ascertain the identity of the anonymous person in the photographs, which appeared to have been willingly allowed to enter the public domain.

### Eighteenth Affirmative Defense

(Innocent Use)

The alleged used by Defendants of the photograph or likeness of Plaintiff in creating the mixtape artwork photo relating to *Gangsta Bitch Music Vol. 1* was innocent, and Defendants had no awareness or knowledge of Plaintiff's identity (i.e. of the identity, or any means of contacting, the person depicted in the photograph).

### Nineteenth Affirmative Defense

(Transformative Use)

The alleged use of a photograph of Plaintiff by Defendants in connection with the creation of the mixtape artwork photo constitutes a protected "transformative use." The material allegedly taken from the original photograph of Plaintiff has been transformed by adding new context, expression and meaning, and value was added to the original photograph by creating new information, new aesthetics, and a different understanding.  Among other things, the small portion of the original photograph of Plaintiff has been substantially cropped, altered in overall position (left arm horizontal, not vertical) and "tilted" I aspect to fit the posture of the model

14

in the mixtape artwork photo, and its colored altered to fit the overall color scheme of the mixtape artwork photo and the nature shadowing in the scene.

## Twentieth Affirmative Defense

### (De Minimis Use)

Only a small portion of the original photograph of Plaintiff is allegedly use by Defendants in the mixtape artwork photo.  The portions used consists of a small portion of the entire back tattoo (only part of the shoulders), and a small portion of the left arm tattoo (only half of the left tricep); the arm tattoo is made horizontal instead of vertical; neither portion is central to either the theme or content of the mixtape artwork photo as a whole—indeed, both elements are peripheral and in shadowy, relatively obscured areas of the mixtape artwork photo; both portions are thus used only "fleetingly" or incidentally; the portions used are greatly altered in color and tone, "tilted" in aspect, and ultimately unidentifiable as Plaintiff to anyone not already intimately familiar with Plaintiff's tattoos.

## Twenty First Affirmative Defense

### (First Amendment)

Defendants only used the mixtape artwork photo (and therefore any portions of any photo of Plaintiff alleged to have been cropped, photoshopped, and used therein) for a limited purpose and in an incidental or fleeting manner, in, and in connection with and furtherance of, Defendants' rights of free speech, protected by the Constitutions of the United States of America and the State of California.  Such alleged free speech use by Defendants pertained, among other things, to the mixtape *Gangsta Bitch Music Vol. 1*, a copyrighted sound recording embodying Cardi B's musical performance, protectable as free speech in and of itself; public announcement of the release of that mixtape, in particular, but without limitation, to existing fans of Cardi B eager to follow her career and experience her performances (addressing matters of public interest); identification of the mixtape where listed on

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

**ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT**

websites from which it could be downloaded free, and, only much later, purchased; and announcement of events relating to the mixtape and its release (also matters of public interest).

### Twenty Second Affirmative Defense

(No Publication of False Information)

Neither Defendants, nor any of them, publicized information or material that showed Plaintiff in a false light.  No information or statement regarding either Plaintiff is conveyed in the mixtape artwork photo.

### Twenty Third Affirmative Defense

(No Offensive Use)

The impression or "false light" allegedly created by Defendants' use of portions of a photograph of Plaintiff in the mixtape artwork photo would not be highly offensive to a reasonable person in Plaintiff's position.

### Twenty Fourth Affirmative Defense

(No Knowing Falsehood, Reckless Disregard or Negligence)

Defendants did not know that the publication of Defendants' mixtape artwork photo would create a false impression about Plaintiff (who was unknown to Defendants, and is neither identified, facially recognizable in, or named in, either the original photograph of Plaintiff or in the mixtape artwork photo); neither did Defendants or any of them act with reckless disregard for the truth or the impact of their use of the photo upon Plaintiff; nor were Defendants negligent in determining the identity of Plaintiff, where the original photograph of Plaintiff had his back to the camera, no face visible, had no identification of Plaintiff by name, no contact information for Plaintiff, and no other means of identifying Plaintiff.

### Twenty Fifth Affirmative Defense

(Failure to Join Necessary and Indispensable Parties)

Plaintiff has failed to join one or more necessary and indispensable parties,

16

who are subject to service of process and whose joinder would not deprive the court of subject-matter jurisdiction, including without limitation the graphic artist who created the mixtape artwork photo used by one or more of the Defendants.  In such person's absence, the court cannot accord complete relief among existing parties; that person claims an interest relating to the subject of this action and is so situated that disposing of the action in that person's absence may, as a practical matter, impair or impede that person's ability to protect that interest, or leave the existing named Defendants subject to a substantial risk of inconsistent adjudications, or prejudice the existing named Defendants.

## Twenty Sixth Affirmative Defense
### (No Knowing Use)

At no time, in no manner and to no extent did any of Defendants knowingly use Plaintiff's photograph or likeness.

## Twenty Seventh Affirmative Defense
### (No Use in Products, Merchandise or Goods)

At no time, in no manner and to no extent did any of Defendants make any use of Plaintiff's photograph or likeness on or in products, merchandise or goods.

## Twenty Eighth Affirmative Defense
### (No Improper Advertising, Sale or Solicitation)

At no time, in no manner and to no extent did any of Defendants make any us of Plaintiff's photograph or likeness for the purpose of advertising or selling, or soliciting purchases of, products, merchandise, goods or services.

## Twenty Ninth Affirmative Defense
### (No Causation of Injury)

No injury, harm or damages were caused to Plaintiff as a result of any use by Defendants, or any of them, of Plaintiff's photograph or likeness.

///

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

**ANSWER OF DEFENDANT WASHPOPPIN, INC. TO COMPLAINT**

### Thirtieth Affirmative Defense

#### (No Actual Damages)

Plaintiff suffered no actual damages of any kind or nature whatsoever, or in any monetary amount, as a result of any unauthorized use by Defendants, or any of them, of Plaintiff's photograph or likeness.  In particular, but without limitation, Plaintiff suffered no harm, injury or damage to his property, business, profession, occupation or person, arising from or relating to Defendants' acts.

### Thirty First Affirmative Defense

#### (Speculative Damages)

The damages alleged by Plaintiff are speculative, in whole or in part, and are to that extent non-recoverable.

### Thirty Second Affirmative Defense

#### (No Profits)

None of the Defendants either earned or received any profits that are attributable to any unauthorized use by Defendants, or any of them, of Plaintiff's photograph or likeness.

### Thirty Third Affirmative Defense

#### (No Basis for Punitive or Exemplary Damages)

At no time, in no manner and to no extent was any of Defendants guilty of oppression, fraud, or malice, in making any unauthorized use of Plaintiff's photograph or likeness, and Plaintiff is not entitled, on any basis, to recover damages in this action for the sake of example and by way of punishing the Defendants or any of them.

### Thirty Fourth Affirmative Defense

#### (No Liability of Defendant as Employer)

None of the Defendants, acting as the employer of any person who made unauthorized use of Plaintiff's photograph or likeness, nor any officer, director or

18

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

managing agent of any of Defendants, had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice.

### Thirty Fifth Affirmative Defense

#### (No Malice)

At no time, in no manner and to no extent did any of Defendants engage in conduct which was intended by the defendant to cause injury to the Plaintiff, or engage in despicable conduct with a willful and conscious disregard of the rights or safety of others.

### Thirty Sixth Affirmative Defense

#### (No Oppression)

At no time, in no manner and to no extent did any of Defendants engage in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

### Thirty Seventh Affirmative Defense

#### (No Fraud)

At no time, in no manner and to no extent did any of Defendants make an intentional misrepresentation, or engage in deceit, or engage in the concealment of a material fact known to the defendant, with the intention on the part of the defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury.

### Thirty Eighth Affirmative Defense

#### (No Commercial Use)

Defendants, and each of them, are not liable to Plaintiff for any unauthorized use of Plaintiff's  photograph or likeness in a commercial medium, merely because the material containing such use was commercially sponsored and contained no paid advertising, nor was any unauthorized use by Defendants, or any of them, of

19

ALAN P.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

Plaintiff's photograph or likeness so directly connected with commercial sponsorship or paid advertising as to create a use for which consent is required.

## Thirty Ninth Affirmative Defense

(Use Relating to News or Public Affairs)

Any and all unauthorized use by Defendants, or any of them, of Plaintiff's photograph or likeness occurred only in connection news or public affairs broadcasts, publications, communications, transmissions or accounts.

## Fortieth Affirmative Defense

(Exemption from Cal. Civ. Code 3344)

Defendants, and each of them, were the owners of their own respective social media accounts, and had no knowledge of the unauthorized use of Plaintiff's photograph or likeness by any of the Defendant business entities or their respective employees in any postings in such social media accounts, and Defendants, and each of them, are therefore exempt from liability to Plaintiff under Cal. Civ. Code 3344, pursuant to Cal. Civ. Code 3344(f).

## Forty First Affirmative Defense

(No Commercial Benefit to Defendants)

Defendants gained no commercial benefit or other advantage by their alleged use of Plaintiff's photograph, likeness or identity.

## Forty Second Affirmative Defense

(Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Defendants and each of them.

## Forty Third Affirmative Defense

(Lack of Subject Matter Jurisdiction)

This Court lacks jurisdiction over the subject matter of the claims asserted by Plaintiff herein.

///

ALAN P. DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

### Forty Fourth Affirmative Defense

(Pre-emption by Copyright Law of the United States)

The claims asserted by Plaintiff herein are each pre-empted by the Copyright Law of the United States of America (17 U.S.C. 101 et seq.)

### Forty Fifth Affirmative Defense

(Plaintiff Lack of Standing and Capacity to Sue)

Plaintiff lacks standing, and the capacity to sue, with respect to the claims set forth in the Complaint, in so far as (1) the wrongful conduct alleged to have been engaged in by Defendants consisted of Defendants' alleged use of a specific photographic image created by a third party, not Plaintiff, and the third party, not Plaintiff, therefore exclusively owned, from the moment of creation of that work of art, all copyright and other rights of ownership therein, and (2) the specific tattoo image or design (depicting a tiger and snake, *inter alia*) within that photograph, alleged to have been misappropriated by Defendants, was created by, and applied to Plaintiff's back and arms by, a third party, and that third party, not Plaintiff, therefore exclusively owned, from the moment of creation of that work of art, all copyright and other rights of ownership therein.

### Forty Sixth Affirmative Defense

(Reservation of Rights)

Defendants reserve the right to assert any and all additional affirmative defense that may hereafter be determine to by applicable to this case, including without limitation any revealed during the course of discovery.

### **PRAYER**

1. That Plaintiff take nothing by reason of his Complaint, or any of the Claims alleged therein, and that judgment thereon be rendered in favor of Defendants, and each of them;

ALAN
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT

2. That Defendants, and each of them, be awarded their respective attorneys' fees incurred herein, to the maximum extent permissible under applicable law;

3. That Defendants, and each of them, be awarded their respective costs of suit incurred herein, to the maximum extent permissible under applicable law;

4. For such other and further relief in favor of Defendants, or any of them, as the Court may deem just and proper.

Dated:      September 5, 2019      ALAN G. DOWLING,
                                   A PROFESSIONAL CORPORATION

                                   By:  /s/ Alan G. Dowling
                                        Alan G. Dowling
                                   *Attorney for Defendants Belcalis Almanzar aka Cardi B, KSR Group, LLC, and Washpoppin, Inc.*

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable in this action.

Dated:      September 5, 2019      ALAN G. DOWLING,
                                   A PROFESSIONAL CORPORATION

                                   By:  /s/ Alan G. Dowling
                                        Alan G. Dowling
                                   *Attorney for Defendants Belcalis Almanzar aka Cardi B, KSR Group, LLC, and Washpoppin, Inc.*

22

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

ANSWER OF DEFENDANT WASHPOPPIN, INC.
TO COMPLAINT