**Alan G. Dowling**
(California Bar No. 70686)
Email: agdowling@aol.com
**ALAN G. DOWLING,**
**A PROFESSIONAL CORPORATION**
1043 Pacific Street, No. 1
Santa Monica, California 90405
Telephone: (818) 679-6395
Fax: (424) 238-5366
*Attorney for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL BROPHY, JR., an individual, <br><br> Plaintiff, <br><br> v. <br><br> BELCALIS ALMANZAR, aka Cardi B, an individual; KRS GROUP, LLC, a New York limited liability company; WASHPOPPIN, INC., a New York corporation; and DOES 1-20, inclusive, <br><br> Defendants. | **Case No. 8:17-cv-01885-CJC-JPR** <br><br> Hon. Cormac J. Carney <br> U.S. District Judge <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION BY DEFENDANTS TO CONTINUE TRIAL AND PRETRIAL CONFERENCE DATES, AND RELATED DEADLINES** <br><br> Complaint filed: 10/26/17 <br> Pre-Trial Conf.: 10/8/21 <br> Trial Date: 10/26/21 |

Defendants Belcalis Almanzar, aka Cardi B ("Cardi B"), Washpoppin, Inc. ("Washpoppin") and KSR Group, LLC ("KSR," and collectively with Cardi B and Washpoppin, the "Defendants") submit the following points and authorities in support of their ex parte application for a continuance of the trial and pretrial conference dates, and related deadlines, set forth in the Court's Order dated September 8, 2021 (Docket No. 140).

Defendants respectfully request that the Court continue the dates and deadlines ordered on September 8, 2021, a period of no less than 75 days, based upon considerations of fairness and avoidance of prejudice to Ms. Almanzar, who just gave birth over the Labor Day holiday weekend; in order to facilitate the parties' ongoing settlement negotiations; and (if a settlement cannot be reached) efficiency and judicial economy in the completion of the pretrial and trial phases of this action.

## I.     RELEVANT PROCEDURAL BACKGROUND.

On August 20, 2021, pursuant to prior order of the Court, the parties conducted a court-ordered settlement conference (via Zoom) before Magistrate Judge Rosenbluth. Although settlement was unable to be reached at that time, the parties and Magistrate Judge Rosenbluth concurred at the end of that day that the conference had been productive and should be continued to the earliest date available to the Court, all counsel and the parties. Over the following several days, it was determined that the earliest available date was October 15, 2021. (Magistrate Judge Rosenbluth was aware that Ms. Almanzar was in the final weeks of her pregnancy.) (Declaration of Alan G. Dowling ["Dowling Decl."], Para. 3.)

On Friday, September 3, 2021, Magistrate Judge Rosenbluth issued her Scheduling Notice (Docket No. 139) setting that October 15 date for the resumption of the settlement conference, and ordered additional related deadlines prior thereto.

(Dowling Decl, Para. 4.)

On September 8, 2021, immediately after the Labor Day holiday weekend, this Court issued its Order (Docket No. 140), setting the following dates and deadlines in this case:

--Jury trial in this matter is to commence on October 26, 2021, at 8:30 a.m., in the courtroom of Judge Cormac J. Carney, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 9 B, Santa Ana, CA, 92701-4516.  The jury trial is presently estimated to take approximately a week.

-- The Pretrial Conference is to take place on October 8, 2021, at 10:00 a.m., at the same location.

--All pretrial documents— including the joint statement of the case, witness lists, jury instructions and verdict forms, among other things— are to be filed no later than October 1, 2021.

--Any motions in limine are to be filed by September 20, 2021.  Any oppositions to them are to be filed by September 27, 2021.  Any replies in support of motions in limine are to be filed by October 4, 2021.

(Dowling Decl, Para. 5.)

After having exchanged informal preliminary lists of witnesses and exhibits, in mid-September 2020, faced with imminent pretrial deadlines, the parties filed memoranda of contentions of fact and law, but did so at a time when the Court had not yet considered and ruled upon the Defendants' Motion in Limine No. 1 (which was later granted) to exclude testimony and evidence from Plaintiff's designated expert witness, Doug Bania.  Three days after the memoranda of contentions were filed, the Court vacated the pretrial conference and trial dates then in effect.

Consequently, preparation for pretrial proceedings was suspended and the parties have not yet undertaken preparation of a joint pretrial conference order, preparation of joint (and disputed) jury instructions and proposed verdict forms, and no final joint witness and exhibit lists have been prepared (taking into account the Court's rulings since mid-2020). Defendants also anticipate making multiple motions in limine which they believe will directly impact the conduct of the trial, and possibly substantially shorten its duration. (Dowling Decl, Para. 6.)

## II. ARGUMENT.

### A. THIS COURT HAS INHERENT AUTHORITY TO GRANT THE RELIEF REQUESTED BY THIS MOTION.

Rule 16 of the Federal Rules of Civil Procedure empowers a judge to supervise each stage of the action, including pleadings, discovery and pretrial motions. Thus, the pace of litigation is set *by the court,* not by the attorneys. Under Fed. R. Civ P. 1, the court and the parties must administer the federal rules to achieve the "just, speedy, and inexpensive determination" of every action.

Any Rule 16 conference order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d); *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 548 (9th Cir. 1985). Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Under L.R. 16-14, "[a]ny application to modify an order entered pursuant to F. R. Civ. P. 16 shall be made to the judicial officer who entered the order."

In *U.S. v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), the Ninth Circuit acknowledged the "well established principle" that "[d]istrict courts have inherent power to control their dockets." *Id.* at 509 (quoting Atchison, Topeka & Santa Fe Ry. Co. v. Hercules, Inc., 146 F.3d 1071, 1074 (9th Cir. 1998)). "Further, '[j]udges

4

exercise substantial discretion over what happens inside the courtroom.'" *Id.* (quoting *U.S. v. Simpson*, 927 F.2d 1088, 1091 (9th Cir. 1991)). "We have accepted that '[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *Id.* (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004)).

### B. GOOD CAUSE EXISTS FOR THE COURT TO GRANT THIS EX PARTE APPLICATION FOR A CONTINUANCE OF THE TRIAL AND PRETRIAL DATES, AND RELATED DEADLINES, THAT THE COURT JUST SET

Defendants respectfully request that the Court continue the dates and deadlines ordered on September 8, 2021, a period of no less than 75 days. This motion is based upon compelling considerations of fairness and avoidance of prejudice to Ms. Almanzar, who just gave birth over the Labor Day holiday weekend, facilitation of the ongoing settlement negotiations in this matter, and (if a settlement cannot be reached) efficiency and judicial economy in the completion of the pretrial and trial phases of this action.

First, Ms. Almanzar just gave birth, on September 4, 2021, to a son, her second child. (She also has a three-year old daughter.) For medical reasons, it is inadvisable for her to travel from her present residence on the East Coast to Southern California. Being in the immediate post-natal period and nursing her newborn child, it would be an unreasonable imposition upon her to require her to actively be present for and participate in pretrial preparation and attendance at the trial itself during the period from mid-October through early November. The sheer burden of travelling cross-country with her family, under the circumstances,

5

would be substantial and unreasonable, and should be avoided. Apart from that burden, the risk, to either Ms. Almanzar or, in particular, her newborn son and her young daughter, of possibly contracting a variant of the Covid-19 coronavirus in the course of such travel (or of the newborn contract some other infection), by having to spend extended periods in (or moving about in) public places such as the courthouse generally, a public courtroom, and other public facilities such as airports or a hotel, is unreasonably great. (Declaration of Belcalis Almanzar ["Almanzar Decl."], Para. 3.) The doctor attending to Ms. Almanzar in this post-natal period has affirmed that in his opinion these considerations all militate strongly against cross-country travel to the West Coast by Ms. Almanzar and her newborn for at least the next two to three months. We commend to the Court's attention the doctor's detailed explanation of the reasons for his opinion and recommendations. (Declaration of Dr. Seth Plancher, M.D., Paras. 3-9; see also Almanzar Decl., Para. 3.)

Second, Ms. Almanzar has another trial presently scheduled to commence on November 9, 2021, in Atlanta, Georgia (where she maintains a residence with her family)  (That trial date, already previously continued, was set on July 26, 2021.) The case is *Belcalis Marlenis Almanzar v. Latasha Transrina Kebe and Kebe Studios LLC,* United States District Court, Northern District of Georgia, Case No. 1:19-cv-01301-WMR. As the Plaintiff in that case, Ms. Almanzar has asserted claims for defamation, false light and intentional infliction of emotional distress. Counterclaims against Ms. Almanzar were dismissed when the Court granted her motion for summary judgment, as a result of which it is estimated that case will take perhaps three days to try, before a jury, but it may have to trail for a few days before actually starting due to a criminal matter preceding it on that

6

court's calendar (though we will not know until then whether that comes to pass). That trial could therefore potentially run on into mid to late November. It would be extremely burdensome, unfair and impracticable to require that Ms. Almanzar, in addition to attending to her newborn and recovering from recent childbirth, have to participate in both trials back-to-back, on the two different coasts, first beginning with trial preparation in Southern California in mid-October, followed immediately by trial here from late October into early November, then having to travel immediately to Atlanta (family in tow) and prepare for the trial there on its eve, then testify in that trial, commencing within a matter of a few days after this case. (Almanzar Decl., Para. 4.) Counsel in the Atlanta case are presently making a determination about approaching the judge in that case to seek a continuance on the same basis as the one sought here.

Third, the parties are in the midst of constructive and ongoing settlement negotiations, which would be seriously undermined by the demands of the schedule the Court just ordered. As noted above, on August 20, 2021, the parties conducted a settlement conference (via Zoom) before Magistrate Judge Rosenbluth. Although settlement was unable to be reached at that time, the parties and Magistrate Judge Rosenbluth concurred at the end of that day that the conference had been productive and should be continued to the earliest date available to the Court, all counsel and the parties, which is October 15, 2021. (Dowling Decl, Para. 3.) Thus, on Friday, September 3, 2021, Magistrate Judge Rosenbluth issued her Scheduling Notice (Docket No. 139) setting that October 15 date, and ordered additional related deadlines prior thereto. (Dowling Decl, Para. 4.) The following day, September 4, Ms. Almanzar gave birth to her son. Aside from the impracticability of continuing to pursue settlement negotiations

7

between now and October (due to all the deadlines required to be met, and court filings to be made, in the interim), the incurring of such substantial additional attorneys' fees and costs will be counter-productive to the ongoing efforts to negotiate and reach a settlement at the settlement conference on October 15, only eleven days before trial and a week after the pretrial conference.

Fourth, in the interest of orderly conduct of the pretrial conference proceedings, it is especially important in this case for there to be a more reasonable period to complete all the requisite exchanges of information and filings with the Court (without encumbering the ongoing settlement negotiations). As noted, although the parties previously exchanged informal preliminary lists of witnesses and exhibits and filed memoranda of contentions of fact and law in mid-September 2020, the Court immediately thereafter vacated the pretrial conference and trial dates then in effect. Consequently, the parties have not yet undertaken preparation of a joint pretrial conference order, preparation of joint (and disputed) jury instructions and proposed verdict forms, and no final joint witness and exhibit lists have been prepared (taking into account the Court's rulings since mid-2020). Defendants also anticipate making multiple motions in limine which will directly impact the conduct of the trial and could substantially shorten its duration. The Court's September 8, 2021, order (Docket No. 140) would permit only three weeks or less, as a practical matter, for all those matters to be completed and all such documents to be timely filed. (Dowling Decl., Para. 6.)

### C. NO PREJUDICE OR UNDUE DELAY WILL RESULT FROM THE GRANTING OF THIS EX PARTE APPLICATION.

The application has been filed as soon as practicable, only three court days after the September 8, 2021, order was issued. No other significant action has

been undertaken by any of the parties in reliance upon the Order, nor were the dates set forth in the Order based on any prior considerations regarding the calendars or circumstances of the parties or their counsel. Plaintiff cannot demonstrate any undue prejudice that would result from the granting of the relief requested hereby. The 75-day continuance sought by Defendants is predicated predominantly upon personal medical considerations arising from the birth, mere days ago, of Ms. Almanzar's son, and the demands of the post-partum recovery period. The other considerations described herein, while entirely valid, are not nearly as compelling. Given how long this case has already been on calendar, and the delays already precipitated by the *force majeure* events of the pandemic, this brief further delay—the minimum advisable under the circumstances—is neither unwarranted nor unfair to anyone. Moreover, with the assistance of Magistrate Judge Rosenbluth, the parties will hopefully find their way to settlement in the interim.

### III.   CONCLUSION

For all the foregoing reasons, Defendants request that the Court grant Defendants' ex parte application in all respects.

Dated:  September 13, 2021

ALAN G. DOWLING,
A PROFESSIONAL CORPORATION

By:   /s/ Alan G. Dowling
Alan G. Dowling
Attorney for Defendants

9

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMORANDUM OF P & A IN SUPP OF DEFS' EX PARTE APPLIC TO CONTIN PTC & TRIAL DATES