UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN MICHAEL BROPHY, JR., <br><br> Plaintiff, <br><br> v. <br><br> BELCALIS ALMANZAR aka CARDI B; KSR GROUP, LLC; WASHPOPPIN, INC.; and DOES 1 – 20, <br><br> Defendants. | Case No.: SACV 17-01885-CJC(JPRx) <br><br> ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO ADVANCE TRIAL DATE AND REQUEST FOR ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST DEFENDANT BELCALIS ALMANZAR [Dkt. 144] |

In this case, Plaintiff Kevin Michael Brophy, Jr. alleges that Defendants Belcalis Almanzar (also known as Cardi B), KSR Group LLC, and Washpoppin, Inc. misappropriated his likeness by placing an image on the cover of one of Cardi B's albums that "explicitly misrepresents [P]laintiff having sex with Cardi B." (Dkt. 1 [Complaint] ¶ 21.)  Plaintiff asserts claims for (1) misappropriation of likeness or

identity, (2) violation of the right to publicity under California Civil Code § 3344, and (3) invasion of privacy (false light).  (*Id*. ¶¶ 32–55.)

On September 8, 2021, the Court issued an order setting a jury trial in this case for October 26, 2021.  (Dkt. 140.)  On September 13, 2021, Defendants applied *ex parte* for a continuance of the trial date.  (Dkt. 141.)  In support, Defendant Belcalis Almanzar aka Cardi B filed a declaration stating that she gave birth on September 4, 2021, and that she did not "feel it [would] be appropriate, fair or reasonable for [her] to be required to travel from the East Coast to Southern California in mid to late October" for trial because "[i]t [would] be especially important for [her] to be with [her] newborn infant over the next two months."  (Dkt. 141-3 ¶ 3.)  She further stated that it "would be extremely difficult and burdensome for [her] to have to be present for and participate in pretrial preparation . . . and attendance at the trial" due to "[t]he sheer burden of travelling across the country with my family (especially my infant children)."  (*Id.*)  Ms. Almanzar's doctor also submitted a declaration stating that it "is particularly important" during this period "for the mother [to] remain in close proximity to the child," and that he "would absolutely advise against subjecting a newborn child to the stress of long-distance air travel."  (Dkt. 141-4 ¶¶ 6, 8.)  On September 15, 2021, the Court granted Defendants' *ex parte* application, continuing the trial date to February 1, 2022.  (Dkt. 143.)

In late September and early October 2021, Ms. Almanzar appeared in Paris, France for Paris Fashion Week festivities.  (*See* Dkt. 144 [Plaintiff's *Ex Parte* Application, hereinafter "App."].)  Based on this appearance, Plaintiff argues that Ms. Almanzar's testimony supporting Defendants' *ex parte* application to continue the trial was false and misleading.  (*Id.* at 10.)  Plaintiff therefore filed this *ex parte* application requesting that the Court reset the trial date for the first available date in early December 2021 and issue an order to show cause why sanctions should not be imposed on Ms. Almanzar for making misleading statements under oath to the Court, to Plaintiff, and to Plaintiff's

counsel about the basis for her request to continue the October 26, 2021 trial date. (*Id.* at 2.)

Plaintiff's *ex parte* application is **DENIED**. Plaintiff's argument that Ms. Almanzar's testimony was false and misleading rests on the premise that Ms. Almanzar must have known at the time she filed her declaration about her plans to attend Paris Fashion Week. (*See* App. at 8 ["It is implausible that Ms. Almanzar's appearances at Paris Fashion Week, complete with extravagant outfits, publicity, dinners and parties, was not planned at the time she filed her declaration asking this Court for a continuance."].) In opposition to this *ex parte* application, Ms. Almanzar explains that that was not the case, and that instead she first found out about the Paris Fashion Week opportunity on September 23, 2021, 10 days after her *ex parte* application to continue the trial was filed. (Dkt. 148-1 ¶¶ 2, 6, 9, 16.) Ms. Almanzar also explains why traveling to Paris Fashion Week was different than traveling for this trial: whereas she was able to leave her newborn baby in New York in the care of her mother and a baby nurse for the short trip to Paris, she would not be able to make such arrangements for the lengthy travel required to prepare for and attend the trial in this case. (*Id.* ¶¶ 4, 14.) In short, the Court sees no reason to advance the trial date or issue an order to show cause regarding sanctions at this time.

DATED: October 12, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE