**Alan G. Dowling**
(California Bar No. 70686)
Email:  agdowling@aol.com
**ALAN G. DOWLING,**
**A PROFESSIONAL CORPORATION**
1043 Pacific Street, No. 1
Santa Monica, California 90405
Telephone: (818) 679-6395
Fax: (424) 238-5366
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Kevin Michael Brophy, Jr.,** an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **Belcalis Almanzar**, aka Cardi B, an individual; **KSR Group, LLC,** a New York limited liability company; **Washpoppin, Inc.,** a New York corporation; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. **8:17-cv-01885-CJC-JPR** <br><br> Hon. Cormac J. Carney <br> U.S. District Judge <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DEFENDANTS' GROSS REVENUES, NET INCOME OR PROFITS FROM MIXTAPES** [Defendants' Motion *in Limine* #2] <br><br> Hearing Date: **January 18, 2022** <br> Time: **3:00 p.m.** <br> Location:  Ctrm 9B, US Cthse <br>        411 W. Fourth St. <br>        Santa Ana, CA 92701 <br> Complaint filed: 10/26/17 <br> Pre-Trial Conf.: 1/18/22 <br> Trial Date:  2/1/22 |

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE
# 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

Defendants Belcalis Almanzar, aka Cardi B ("Cardi B"), KSR Group, LLC ("KSR"), and Washpoppin, Inc. ("Washpoppin") (collectively, "Defendants") respectfully submit this memorandum of points and authorities in support of their motion *in limine* No. 2 to exclude evidence, testimony, and argument relating to Defendants' gross revenues, net income, and profits from the exploitation of the sound recordings comprising the mixtapes entitled *Gangsta Bitch Music Vol. 1* ("GBMV1") and *Gangsta Bitch Music Vol. 2* ("GBMV2" and together with GBMV1, the "Mixtapes").

## I. PRELIMINARY STATEMENT

This motion *in limine* follows as a direct consequence of the Court Order excluding the testimony and report of Plaintiff's proffered expert Doug Bania, who advanced a damages analysis that this Court called "pure fantasy." [Dkt. No. 125, p. 15.]

As the Court properly recognized, Mr. Bania's damages analysis was unmoored from the facts because he assumed, without any support in the record, that *all* gross revenues from the Mixtapes for certain cherry-picked music streaming websites were attributable to the use of a partial tattoo design purportedly embodied in a photograph of Plaintiff, which was incorporated in cover artwork created for GBMV1 (the "GBMV1 Cover Image").

Absent Mr. Bania's unfounded speculation, which has now been excluded from the trial of this action, nothing connects the use of the partial tattoo design to the gross revenues, net income, and profits Defendants purportedly earned from the Mixtapes. Plaintiff must not be permitted to present information regarding Defendants' income that was the foundation of Mr. Bania's opinions, and then, in effect, ask the jury to reach the same conclusions based on the same faulty assumptions and reasoning. Nor must Plaintiff be permitted to anchor a large dollar

1

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE
# 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

figure in the jury's mind by referring to the same royalty income used by Mr. Bania — *e.g.* $1,496,893 in royalty income for GBMV1 and $1,280,665 in royalty income for GBMV2, or any other such figure — suggesting that Plaintiff should be entitled to a substantial portion of Defendants' alleged profits, when there is *no evidence* sufficient to establish any non-speculative causal connection between that income and the allegedly infringing use. [Dkt. No. 123, Ex. 1, at p. 9.] Evidence of monies and profits, if any, that Defendants received from the Mixtapes should be excluded because it is irrelevant to a determination of *Plaintiff's* damages and will be unfairly prejudicial.

Under section 3344(a) of the California Civil Code, Plaintiff cannot be awarded "profits from the unauthorized use" of the partial tattoo design unless he demonstrates the "gross revenue *attributable to* such use." Cal. Civil Code § 3344(a) (emphasis added). The statute's language expressly requires a *causal* nexus between the revenue and the use, as reflected in its use of the term "attributable to."

With Mr. Bania's testimony and report excluded, Plaintiff has no witness, expert, or other form of evidence to carry his burden of establishing the non-speculative causal connection required before a defendant's profits may be disgorged. Without proof of causation, the Mixtapes' gross revenues are not relevant and are inadmissible. And evidence of streaming royalty income for the Mixtapes should not be admissible because nothing more than speculation suggests that those revenues, or any portion of them, are "attributable to" the purported use of a portion of Plaintiff's tattoo. As the Court noted, "[t]here are myriad ways people might come to listen to Cardi B's album." [Dkt. No. 125, p. 15.] Plaintiff lacks any evidence that the mere appearance of the partial tattoo on the back of an unidentified male model in the GBMV1 Cover Image displayed on websites of certain music services is a reason why anyone would or did pay money to listen to Cardi B's album.

2

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE # 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

Moreover, because Mr. Bania's analysis has been excluded, Plaintiff should not be permitted to seek or compel testimony from irrelevant third-party witnesses, such as: Empire Distribution, Inc. ("Empire"), the company that distributed the Mixtapes and rendered accountings of the Mixtapes' earnings; Sony/ATV Music Publishing, LLC ("Sony/ATV"), the company that administers publishing rights for Cardi B; and Atlantic Recording Corporation ("Atlantic"), the record label that commercially distributes GBMV2. The revenues each of these witnesses would testify about are outside Plaintiff's realm of damages.

Accordingly, because this motion promotes fairness, efficiency, and judicial economy by limiting the scope of the issues, the jury instructions, and the proposed verdict forms, and by reducing the expenses that would be incurred by requiring multiple third-parties to attend a trial that no longer concerns the subject of their testimony, this motion *in limine* should be granted to exclude any evidence, testimony, and argument concerning the gross revenues, net income, and profits Defendants purportedly earned from the Mixtapes.

## II.  LEGAL STANDARD

A motion *in limine* is a procedural tool to expedite trial and prevent anticipated prejudicial evidence before it is offered. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); Fed. R. Evid. 403 (authorizing exclusion of probative evidence that is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"); Fed. R. Evid. 104(c) (authorizing hearing on a preliminary question outside the hearing of the jury).

"The advantage of a motion in limine is 'to avoid the futile attempt to unring the bell in the event a motion to strike is granted in the proceedings before the jury.'" *Stars and Bars, LLC v. Travelers Casualty Ins. Co.*, Case No.: SACV 16-

3

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE
# 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

01397, 2020 WL 4342250, at *1 (C.D. Cal. May 28, 2020) (Carney, J) (quoting *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1593 (2008) (internal citation and quotation omitted)).

The district court has inherent authority to manage the course of trials, including discretion over when to rule on a motion *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds by Luce*, 469 U.S. 38; *see also Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) (recognizing that motions *in limine* are "useful tools to resolve issues which would otherwise 'clutter up' the trial" and may "sav[e] jurors' time and eliminat[e] distractions"). Motions *in limine* are also a proper means to "help trial planning," "save travel and other expenses" related to witness testimony, "save expense by eliminating a major issue at trial," and "help the Court thoroughly research and review a significant and complicated evidentiary issue[.]" *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094 (C.D. Cal. 2012).

## III. <u>ARGUMENT</u>

### A. EVIDENCE, TESTIMONY, AND ARGUMENT OF GROSS REVENUES, NET INCOME, AND PROFITS FROM THE MIXTAPES IS IRRELEVANT UNLESS "ATTRIBUTABLE TO" THE ALLEGEDLY INFRINGING USE OF THE PARTIAL TATTOO

Plaintiff's theory of recovery of Defendants' profits from the Mixtapes is governed by Cal. Civ. Code § 3344. But section 3344(a) makes clear that a plaintiff must prove the amount of "the gross revenue attributable to" the allegedly infringing use, just like a copyright plaintiff under section 504(b) of the Copyright Act, before the burden shifts to the defendant to prove deductible expenses. *See Del Amo v. Baccash*, No. CV 07-663, 2008 WL 2780978, at *10 (C.D. Cal. July 15, 2008)

4

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE
# 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

(rejecting claims for profits under both the Copyright Act and section 3344 for failure to prove profits "attributable to" the use); *Christoff v. Nestle USA, Inc.*, 62 Cal. Rptr. 3d 122, 143-44 (Cal. Ct. App. 2007) (reversing $15 million jury award for failure to prove profits "attributable to the use of [plaintiff's] likeness"), *aff'd in pertinent part*, 47 Cal. 4th 468 (2009).

For the issue before this Court on this motion, copyright cases are highly instructive, because under the Copyright Act a plaintiff must demonstrate a causal nexus or link between a defendant's profits and the alleged infringement and cannot assume or speculate about that nexus. *See Mackie v. Rieser*, 296 F.3d 909, 914-15 (9th Cir. 2002) (noting widespread agreement among sister circuits on the need for a non-speculative causal nexus and noting "the principle of causation based on non-speculative evidence is nothing novel in the damages arena"); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) (stating that claimant "is required to do more initially than toss up an undifferentiated gross revenue number; the revenue stream must bear a legally significant relationship to the infringement"); *Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789, 796, 799 (8th Cir. 2003) ("Although the Copyright Act places the burden on the defendant of apportioning the defendant's profits between the infringement and other factors, the copyright holder must first establish some connection or relationship between the infringement and the profits he seeks."); *Nexon America Inc. v. Kumar*, No. 11–cv–06991, 2012 WL 1116328, at *4 (C.D. Cal. 2012) (noting that profits are properly denied where "the plaintiff fail[s] to offer anything more than mere speculation as to the existence of a causal connection between the infringement and the claimed revenues").

In its Order excluding the testimony and report of Plaintiff's expert, Doug Bania, the Court quoted Judge Posner's remark in *Taylor v. Meirick*, 712 F.2d 1112,

5

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE
# 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

1122 (7th Cir. 1983), that "[i]t was not enough to show [defendant's] gross revenues from the sale of everything he sold, which is all, really, that [plaintiff] did. If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits." That same principle applies here to preclude the jury from hearing evidence, testimony, and argument concerning the gross revenues, net income, and profits from the Mixtapes, absent some causal nexus to the allegedly infringing use of the partial tattoo design that appears on the back of an unidentified male model in the GBMV1 Cover Image.

### B. THE RECORD CONTAINS NO EVIDENCE TO ESTABLISH THE REQUIRED NON-SPECULATIVE CAUSAL NEXUS BETWEEN DEFENDANTS' MIXTAPE REVENUES AND THE PARTIAL TATTOO IN THE GBMV1 COVER IMAGE

Mr. Bania's testimony, now excluded, was Plaintiff's only hope of causally connecting the partial tattoo design in the GBMV1 Cover Image to the revenue purportedly earned by Defendants from listeners streaming the Mixtapes. In excluding that testimony, the Court observed that Mr. Bania failed to "cite to any survey, poll, focus group, or other study where listeners — much less 100% of listeners — stated that the sole driver of their decision of what music to listen to is cover art, or that cover art is absolutely critical to their decision to listen to a song or album." [Dkt. No. 125, p. 15.]

The Court also recognized that streaming websites generated revenue without displaying the GBMV1 Cover Image, which completely refuted Mr. Bania's conclusions. [Dkt. No. 125, p. 16 (noting Mr. Bania's conclusion was "extremely unlikely if not completely impossible").] Similarly, Mr. Bania made an even more tenuous and implausible assumption, according to the Court, by linking all streaming

6

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE
# 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

Case 8:17-cv-01885-CJC-JPR   Document 151-1   Filed 12/06/21   Page 8 of 10   Page ID #:5700

revenues from GBMV2, a separate mixtape, to the GBMV1 Cover Image merely because some websites may allegedly "autoplay" GBMV2 after the streaming of GBMV1 is completed. [Dkt. No. 125, p. 17.]

Mr. Bania arrived at his unwarranted conclusions using solely evidence of the royalty income revealed through discovery in statements produced by Empire, Sony/ATV, and Atlantic in discovery. [Dkt. No. 123, Ex. 1, pp. 10-11.] That evidence should be excluded by the Court to prevent Plaintiff from prejudicing the jury with those figures that Mr. Bania assumed, without benefit of any reliable principle or method, were 100% "attributable to" the use of Plaintiff's likeness. Allowing such evidence to be considered by jurors, whether presented through documentary evidence or lay testimony, would be just as unhelpful to them as to Mr. Bania in determining whether the GBMV1 Cover Image had anything to do with the sales or streaming of the Mixtapes. *See* Fed. R. Evid. 701 (distinguishing expert testimony from lay testimony "not based on scientific, technical, or other specialized knowledge").

Permitting Plaintiff to present such evidence would be giving him a second bite at the apple, after Mr. Bania's overreaching first attempt was rejected. As one court observed in a similar context, granting a second bite only encourages overreaching and not candor: "Over the course of many years and more than a dozen patent trials, the undersigned judge has concluded that giving a second bite simply encourages overreaching on the first bite (by both sides). A second bite may be appropriate where the expert report can be salvaged with minimal disruption to an orderly trial, but where the report is not even close, there is a positive need to deny a second bite in order to encourage candor in the first place." *Network Protection Sciences, LLC v. Fortnet, Inc.*, No. C 12–01106, 2013 WL 5402089, at *8 (N.D. Cal. Sept. 26, 2013).

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE # 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

No evidence connects Defendants' sales or streaming revenues from the Mixtapes to the alleged use of the partial tattoo design at issue. Not only did Mr. Bania fail to consult any survey, poll, focus group, or other study concerning listeners' decisions, there are none in the record. Because no causal nexus exists between the use of the partial tattoo design on the GBMV1 Cover Image and sales and streaming of the Mixtapes, the evidence of Defendants' gross revenues, net income, and profits from the Mixtapes should be excluded.

### C. ALLOWING PLAINTIFF TO PRESENT IRRELEVANT HIGH DOLLAR AMOUNTS TO THE JURY WOULD BE UNFAIRLY PREJUDICIAL

Cardi B is an iconic figure in popular music today. GBMV1 and GBMV2 have been streamed millions of times by listeners and have each generated more than a million dollars in streaming royalties. [Dkt. No. 123, Ex. 1, at p. 9.] But without a causal nexus, the revenue from the Mixtapes is not probative of any issue that must be proved in this case for Plaintiff to be awarded a remedy under section 3344.

Permitting Plaintiff to present to the jury the Mixtapes' royalty statements and the dollar amounts therein would be highly prejudicial to Defendants because it would mislead and confuse the jury about what should properly be considered in formulating any damages award, as well as desensitize the jury to an artificially inflated damages award if the jury finds liability. *See* Fed. R. Evid. 401, 402, 403. This kind of desensitization causes irreparable prejudice because it cannot be cured even through vigorous cross-examination or detailed jury instructions. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) (noting that disclosure of revenue numbers "cannot help but skew the damages horizon for the jury" and that "the $19 billion cat was never put back into the bag" because neither

8

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE
# 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.

cross-examination nor a curative jury instruction could have offset the resulting unfair prejudice).

Accordingly, excluding evidence, testimony, and argument of Defendants' gross revenues, net income, and profits from the exploitation of the Mixtapes is appropriate under Fed. R. Evid 403 due to the danger of "unfair prejudice, confusing the issues, [and] misleading the jury."

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this motion *in limine* should be granted in all respects.

Dated: December 6, 2021

Respectfully Submitted,

**ALAN G. DOWLING, P.C.**

By: /s/ Alan G. Dowling

**Alan G. Dowling**

*Attorney for Defendants*

9

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEF'S MOT IN LIMINE # 2 TO EXCLUDE EVID OF DEFS GROSS REVS ETC.