**Alan G. Dowling**
(California Bar No. 70686)
Email:  agdowling@aol.com
**ALAN G. DOWLING,**
**A PROFESSIONAL CORPORATION**
1043 Pacific Street, No. 1
Santa Monica, California 90405
Telephone: (818) 679-6395
Fax: (424) 238-5366
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Kevin Michael Brophy, Jr.,** an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **Belcalis Almanzar**, aka Cardi B, an individual; **KSR Group, LLC,** a New York limited liability company; **Washpoppin, Inc.,** a New York corporation; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. **8:17-cv-01885-CJC-JPR** <br><br> Hon. Cormac J. Carney, U.S. District Judge <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING ANY "KNOWING" USE OF PLAINTIFF'S LIKENESS OR PHOTOGRAPH AND WHETHER PLAINTIFF IS "READILY IDENTIFIABLE"** [Defendants' Motion *in Limine* #3] <br><br> Hearing Date: **April 12, 2021** <br> Time: **1:30 p.m.** <br> Location:   Ctrm 9B, US Cthse <br>         411 W. Fourth St. <br>         Santa Ana, CA 92701 <br> Complaint filed: 10/26/17 <br> Pre-Trial Conf.: 5/24/21 <br> Trial Date:   6/1/21 |

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT                                                1

II.    RELEVANT PROCEDURAL HISTORY                                          2

III.   ARGUMENT                                                            3

       A. THIS MOTION IS APPROPRIATELY BROUGHT AS
          A MOTION IN LIMINE                                                4

       B. PLAINTIFF SHOULD BE PRECLUDED FROM
          PROFFERING OR REFERRING TO EVIDENCE
          OR TESTIMONY OF ANY ALLEGEDLY "KNOWING"
          USE OF PLAINTIFF'S PHOTOGRAPH OR
          LIKENESS BY ANY DEFENDANT                                        6

          1. PLAINTIFF'S FAILURE TO PRODUCE
             EVIDENCE OR DISCLOSE WITNESSES WITH
             TESTIMONY PROBATIVE OF DEFENDANTS'
             KNOWLEDGE WARRANTS EXCLUSION                                  8

          2. KNOWLEDGE CANNOT BE PRESUMED OR
             REASONABLY INFERR3ED FROM ANY FACTS
             IN THE RECORD                                                 11

       C. PLAINTIFF SHOULD BE PRECLUDED FROM
          PROFFERING OR REFERRING TO EVIDENCE OR
          TESTIMONY THAT HE IS "READILY IDENTIFIABLE"
          IN THE GBMV1 COVER IMAGE                                         12

          1. PLAINTIFF'S FAILURE TO PRODUCE

i

**EVIDENCE OR DISCLOSE WITNESSES WITH TESTIMONY PROBATIVE OF HIS IDENTIFIABILITY WARRANTS EXCLUSION** ............... **15**

**III. CONCLUSION** ............... **17**

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

**MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* # 3 TO EXCLUDE CERTAIN EVID UNDER CC 3344**

# **TABLE OF AUTHORITIES**

**STATUTES**

| | |
|---|---|
| Cal. Civ. Code § 3344 | 1,2,3,4,6 |
| Cal. Civil Code §3344(a) | 1,3,6,11 |
| Cal. Civil Code § 3344(b) | 1,4,12,15 |
| Cal. Civil Code § 3344(b)(1) | 13,14,15 |

**RULES OF COURT**

| | |
|---|---|
| Fed. R. Civ. P. 16 | 2,3 |
| Fed. R. Civ. P. 26 | 2,9,15 |
| Fed. R. Civ. P. 26(a) | 10 |
| Fed. R. Civ. P. 26(a)(1)(A)(i) | 8 |
| Fed. R. Civ. P. 26(a)(1)(A)(ii) | 8 |
| Fed. R. Civ. P. 26(a)(3)(A) | 9 |
| Fed. R. Civ. P. 26(e) | 9 |
| Fed. R. Civ. P. 26(e)(1) | 10 |
| Fed. R. Civ. P. 37(c)(1) | 10 |
| USDC, C.D. Cal, Local Rules 16-2 | 2,3 |

**CASES**

| | |
|---|---|
| *Amtower v. Photon Dynamics, Inc.*,<br>    158 Cal. App. 4th 1582, 1593 (2008) | 5 |

iii

*Benedi v. McNeil-P.P.C., Inc.*,
    66 F.3d 1378 (4th Cir. 1995)                                      5

*CarePartners LLC v. Pat Lashway*,
    No.C05–1104, 2010 WL 1141450 (W.D. Wash. Mar. 22, 2010)    7

*Chalick v. Cooper Hosp./Univ. Med. Ctr.*,
    192 F.R.D. 145(D.N.J. 2000)                                10

*City of Pomona v. SQM North America Corp.*,
    866 F.3d 1060 (9th Cir. 2017)                             4-5

*Cross v. Facebook, Inc.*,
    14 Cal. App. 5th 190 (2017)                                6

*Downing v. Abercrombie & Fitch*,
    265 F.3d 994 (9th Cir. 2001)                              6

*Drnek v. Variable Annuity Life Ins. Co.*,
    261 Fed. App'x. 50 (9th Cir. 2007)                        10

*Evergreen Safety Council v. RSA Network Inc.*,
    697 F.3d 1221 (9th Cir. 2012)                             12

*Hoffman v. Construction Protective Services, Inc.*,
    541 F.3d 1175 (9th Cir. 2008)                             10

*In re Japanese Electronic Products Antitrust Litig.*,
    723 F.2d 238 (3rd Cir. 1983)                              4

*In re NCAA Student-Athlete Name & Likeness Licensing Litigation*,
    724 F.3d 1268 (9th Cir. 2013)                            6

*Jones v. Corbis Corp.*,
    815 F.Supp.2d 1108 (C.D. Cal. 2011)                    6

iv

*Liotta v. Nerium Int'l LLC,*
    No. 14-cv-01632, 2014 WL3955176 (C.D. Cal. Aug. 11, 2014)          3

*Luce v. United States,*
    469 U.S. 38 (1984)          5

*Maloney v. T3Media, Inc.,*
    94 F. Supp. 3d 1128 C.D.Cal.2015)          6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986)          4,5

*Mixed Chicks LLC v. Sally Beauty Supply LLC,*
    879 F. Supp. 2d 1093 (C.D. Cal. 2012)          5

*Newcombe v. Adolf Coors Co.,*
    157 F.3d 686 (9th Cir. 1998)          4,6,12-13

*O'Brien v. Dean Witter Reynolds, Inc.,*
    No. Civ. 82–1605, 1984 WL 608 (D. Ariz. Mar. 26, 1984)          7

*Page v. Something Weird Video,*
    960 F. Supp. 1438 (C.D. Cal. 1996)          6

*Palmerin v. City of Riverside,*
    794 F.2d 1409 (9th Cir. 1986)          5

*R & R Sails, Inc. v. Insurance Co. of Penn.,*
    673 F.3d 1240 (9th Cir. 2012)          10-11

*Residential Funding Corp. v. Degeorge Fin'l Corp.,*
    306 F.3d 99 (2d Cir. 2002)          11

v

*Royalty Petroleum Co. v. Arkla, Inc.*,
    129 F.R.D. 674 (W.D. Okla. 1990)      9

*Stars and Bars, LLC v. Travelers Casualty Ins. Co.*,
    No.: SACV 16-01397, 2020 WL 4342250 (C.D. Cal. May 28, 2020)  5

*Stewart v. Rolling Stone LLC*,
    181 Cal. App. 4th 664 (2010)    6

*Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*,
    982 F.2d 363 (9th Cir. 1992)    11

*United States v. Cook*,
    608 F.2d 1175 (9th Cir. 1979)    5

*Upper Deck Company v. Panini America, Inc.*,
    469 F. Supp. 3d 963 (S.D.Cal. 2020)    6

*Yeager v. Cingular Wireless LLC*,
    673 F. Supp. 2d 1089 (E.D. Cal. 2009)    6

*Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001)    10,11

**SECONDARY AUTHORITIES**

Fed. R. Civ. P. 37 Advisory Committee's Note (1993)    10,11

vi

**MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE*
# 3 TO EXCLUDE CERTAIN EVID UNDER CC 3344**

Defendants Belcalis Almanzar, aka Cardi B ("Cardi B"), KSR Group, LLC ("KSR"), Washpoppin, Inc. ("Washpoppin") (collectively "Defendants") move this Court for an order precluding any proffer by Plaintiff, Plaintiff's counsel, and persons under their control of:   (1) any evidence, testimony, and argument purportedly probative of any allegedly "knowing" use of Plaintiff's photograph or likeness by any Defendant, as required under Cal. Civil Code § 3344(a), and (2) any evidence, testimony, and argument purportedly probative of any assertion that Plaintiff is "readily identifiable" to the general public (or anyone else) from viewing the cover artwork image created for the mixtape *Gangsta Bitch Music Vol. 1* (the "GBMV1 Cover Image"), as required under Cal. Civil Code § 3344(b), and directing Plaintiff, Plaintiff's counsel, and persons under their control not to refer to such evidence or testimony in opening or closing statements, during trial, or in any argument to the jury.

## I.   **PRELIMINARY STATEMENT**

Defendants' Motion *in Limine* # 2 seeks to exclude evidence, testimony, and argument concerning Defendants' purported profits allegedly related to the GBMV1 Cover Image for lack of admissible evidence of the required causal connection.   Likewise, this motion *in limine* addresses two more consequential evidentiary gaps concerning Plaintiff's purported claim under Cal. Civ. Code § 3344.

Because the discovery record lacks evidence Plaintiff needs for his Section 3344 claim, not only is Plaintiff unable to pursue Defendants' profits, but he also lacks the necessary evidence to pursue his claim and thus cannot present any such evidence at trial.

Accordingly, Defendants seek to preclude any proffer by Plaintiff of evidence, testimony, and argument that: (1) any Defendant made "knowing use" of Plaintiff's photograph or likeness, and (2) Plaintiff is "readily identifiable" in the

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* #
3 TO EXCLUDE CERTAIN EVID UNDER CC 3344

GBMV1 Cover Image.

This motion follows directly from the decisions Plaintiff made during discovery. He failed to produce or disclose admissible evidence on whether he is "readily identifiable" and whether Defendants knowingly used his photograph and likeness in the GBMV1 Cover Image. He also failed to designate any witnesses competent to testify on these issues in mandatory initial or pretrial disclosures under Fed. R. Civ. P. 26, disclosures under Fed. R. Civ. P. 16 and L.R. 16-2, or in general discovery. These failures are fatal. Indeed, all deadlines for discovery and disclosures have long-since passed, without any action by Plaintiff.

If this motion *in limine* is granted, the case will still proceed to trial. But Plaintiff's section 3344 claim will be subject to dismissal for lack of evidence at the close of Plaintiff's case in chief, and only Plaintiff's claims for misappropriation and false light invasion of privacy will remain.

By granting the requested relief now, this Court would narrow the issues for trial, dispense with the need for time-consuming and expensive testimony and evidence from multiple third-party witnesses, greatly reduce the number and complexity of exhibits, substantially simplify the jury instructions and verdict form, and reduce the length of any trial. Granting this motion may even provide the parties a reason to explore whether continued litigation is worthwhile.

## II. **RELEVANT PROCEDURAL HISTORY**

On June 9, 2020, the Court issued a Scheduling Order setting the discovery cutoff date as June 26, 2020, the last date for hearing motions (other than motions *in limine*) as September 21, 2020, the Pretrial Conference date as October 5, 2020, and the date of the commencement of jury trial as October 13, 2020. [Dkt. No. 78.]

Defendants' motions for summary judgment/summary adjudication of issues, and their motion to exclude Plaintiff's expert, were filed on August 24, 2020,

for hearing on September 21, 2020, in accordance with the Court's Scheduling Order.

In August and early September 2020, the parties' counsel met and conferred as required by Fed. R. Civ. P. 16 and L.R. 16-2, in anticipation of the October 5, 2020 Pretrial Conference and, among other things, exchanged witness and exhibit lists. In mid-September, opposing and reply briefs were filed on the pending motions and, due to the imminent Pretrial Conference, the parties also filed their respective memoranda of contentions of fact and law.

On September 18, 2020, the Court ordered that the hearing of the pending motions be continued to November (later continued again, to December), and the Pretrial Conference and Trial dates were vacated. [Dkt. No. 121.]

On December 4, 2020, the Court issued its written order (without hearing) on the pending dispositive motions and motion to exclude Plaintiff's expert. [Dkt. No. 125.] Subsequently, the Court has re-set the dates for the Pretrial Conference and for the jury trial to commence.

## III.   **ARGUMENT**

Defendants' argument has two parts:

First, by its owns terms, section 3344 only applies to a "person who *knowingly* uses another's … photograph, or likeness." Cal. Civ. Code § 3344(a) (emphasis added); *see also Liotta v. Nerium Int'l LLC*, No. 14-cv-01632, 2014 WL 3955176, at * 2 (C.D. Cal. Aug. 11, 2014) ("[S]ection 3344 only applies where a person "knowingly uses" the likeness of another without their consent."). Here, no documentary or testimonial evidence of any *knowing* use by any Defendant exists. Plaintiff has identified no trial witness competent to establish any such alleged fact, and he has identified no intended trial exhibits to establish such any such fact. There is neither any presumption of such knowledge by any Defendant nor can there be any

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* # 3 TO EXCLUDE CERTAIN EVID UNDER CC 3344

reasonable inference thereof from the record.

Second, section 3344 applies only to the use of a photograph or likeness in which a person is "readily identifiable." Cal. Civ. Code. § 3344(b); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998) (holding that the "readily identifiable" standard applies to both photographs and likenesses). Plaintiff admits that he is not posing with Cardi B in the GBMV1 Cover Image. And no documentary or testimonial evidence that Plaintiff is "readily identifiable" in the GBMV1 Cover Image was adduced during discovery or through initial or pretrial disclosures. Further, Plaintiff has identified neither any trial witness competent to establish he is readily identifiable, nor any trial exhibits to establish that fact.

### A. THIS MOTION IS APPROPRIATELY BROUGHT AS A MOTION *IN LIMINE*

This motion is properly framed as a motion *in limine* because it seeks to preclude the admission of evidence only, not summary adjudication of Plaintiff's section 3344 claim. Any such final determination would be left for the close of Plaintiff's case.

Motions *in limine* may be used to obtain an advance ruling on the admission of certain evidence. They permit more careful consideration of evidentiary issues than would take place in the heat of battle and minimize conferences and disruptions during trial. Finally, by resolving critical evidentiary issues at the outset, they enhance efficiency of the trial process and promote settlements. *See In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983) (noting that *in limine* motion procedure "permitted more thorough briefing and argument than would have been likely had the rulings been deferred"), *rev'd on other grounds by Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574 (1986); *City of Pomona v. SQM North America Corp.*, 866 F.3d

1060, 1070 (9th Cir. 2017) (noting *in limine* motions "are useful tools to resolve issues which would otherwise clutter up the trial") (internal quotation omitted).

"The advantage of a motion *in limine* is 'to avoid the futile attempt to unring the bell in the event a motion to strike is granted in the proceedings before the jury.'" *Stars and Bars, LLC v. Travelers Casualty Ins. Co.*, Case No.: SACV 16-01397, 2020 WL 4342250, at *1 (C.D. Cal. May 28, 2020) (Carney, J.) (quoting *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1593 (2008) (internal citation and quotation omitted)).

The district court has inherent authority to manage the course of trials, including discretion over when to rule on a motion *in limine*.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds by Luce*, 469 U.S. 38; *see also Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) (recognizing that motions *in limine* are "useful tools to resolve issues which would otherwise 'clutter up' the trial" and may "sav[e] jurors' time and eliminat[e] distractions").  Motions *in limine* are also a proper means to "help trial planning," "save travel and other expenses" related to witness testimony, "save expense by eliminating a major issue at trial," and "help the Court thoroughly research and review a significant and complicated evidentiary issue[.]" *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094 (C.D. Cal. 2012).

Besides excluding certain evidence, the Court may instruct counsel to avoid any mention of this evidence in opening statements, during trial, or in argument to the jury and to direct persons under their control (counsel, clients, witnesses, etc.) to avoid such mention. *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1384 (4th Cir. 1995).

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* #
3 TO EXCLUDE CERTAIN EVID UNDER CC 3344

**B.   PLAINTIFF SHOULD BE PRECLUDED FROM PROFFERING OR REFERRING TO EVIDENCE OR TESTIMONY OF ANY ALLEGEDLY "KNOWING" USE OF PLAINTIFF'S PHOTOGRAPH OR LIKENESS BY ANY DEFENDANT**

Cal. Civil Code § 3344(a) provides, in pertinent part:

> Any person who *knowingly* uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, . . . shall be liable for any damages sustained by the person or persons injured as a result thereof.

(Emphasis added.)

To prevail on his section 3344 claim, Plaintiff must prove that *each* Defendant engaged in "knowing" use of a photograph or likeness of him in the GBMV1 Cover Image. *Upper Deck Company v. Panini America, Inc.*, 469 F. Supp. 3d 963, 984 (S.D. Cal. 2020); *Cross v. Facebook, Inc.* 14 Cal. App. 5th 190, 208 (2017); *Maloney v. T3Media, Inc.,* 94 F. Supp. 3d 1128, 1139 (C.D. Cal. 2015); *In re NCAA Student-Athlete Name & Likeness Licensing Litigation,* 724 F.3d 1268, 1273 n.4 (9th Cir. 2013), *cert dismissed*, 573 U.S. 989; *Jones v. Corbis Corp.,* 815 F. Supp. 2d 1108, 1113 (C.D. Cal. 2011), *aff'd*, 489 Fed. App'x 155 (9th Cir. 2012); *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 680 (2010); *Yeager v. Cingular Wireless LLC*, 673 F. Supp. 2d 1089, 1097 (E.D. Cal. 2009); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998); *Page v. Something Weird Video*, 960 F. Supp. 1438, 1443 (C.D. Cal. 1996).

Plaintiff must make this showing for *each* of the three individual defendants – Cardi B, Washpoppin, and KSR – because the knowledge of one defendant is not

necessarily imputed to the others.  *See, e.g.*, *CarePartners LLC v. Pat Lashway*, No. C05–1104, 2010 WL 1141450, at *8 (W.D. Wash. Mar. 22, 2010) ("Findings regarding knowledge and causation must be on an individualized basis and cannot be imputed; plaintiffs must present evidence regarding each defendant."); *O'Brien v. Dean Witter Reynolds, Inc.*, No. Civ. 82–1605, 1984 WL 608, at *4 (D. Ariz. Mar. 26, 1984) ("[T]he knowledge of a defendant may not be imputed to another by the doctrine of respondeat superior.").

Defendants have denied any knowledge of Plaintiff before the filing of this action in 2017 and the publicity it generated.  (Dowling Decl., Ex. 18 ¶¶ 3-4; Ex. 19 ¶¶ 3-4.)   None of the Defendants knew that the third-party graphic artist Timm Gooden, who created the GBMV1 Cover Image, used a photograph of a tattoo when he altered the original photograph of Cardi B with a male model, much less a photograph of any living person's tattoo.  (Dowling Decl, Ex. 16 at 252:6-253:7; Ex. 10 at 22:4-12, 42:5-9; Ex. 11 at 59:17-23.)   Until learning of this lawsuit, Cardi B paid no attention to how the original photograph she had selected and approved was transformed into the GBMV1 Cover Image.  (Dowling Decl., Ex. 11 at 30:5-12, 34:12-36:2, 59:17-23.)

And KSR's involvement consisted of hiring a third party, Mr. Gooden, to create the GBMV1 Cover Image, sending him the photograph selected from the photo shoot to use, and later instructing him to "[c]lean it up" or "find another tattoo," referring to the original tattoo on the model's back.  (Dowling Decl., Ex. 10 at 20:20-21:9, 40:2-4, 41:13-42:9; Ex. 17 at 10:4-6, 20:1-21:24, 24:23-25:1, 25:23-26:9, 29:2-4.)   So far as Defendants knew, any change in the tattoo design was effectuated by Mr. Gooden drawing or creating the new design himself to cover the male model's tattoo in the original photograph.  (Dowling Decl, Ex. 11 at 34:12-17; Ex. 17 at 32:10-19.)   Mr. Gooden told none of the Defendants that he inserted material from another

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* #
3 TO EXCLUDE CERTAIN EVID UNDER CC 3344

photograph in the original photograph, or even how he altered the male model's own tattoo.  (Dowling Decl., Ex. 17 at 33:21-25, 34:1-3; Ex. 10 at 22:4-12.)  His actions occurred outside Defendants' presence, without their knowledge, and with no specific instruction or approval from them.  All that KSR did was accept the final GBMV1 Cover Image after it was created and presented by Mr. Gooden.

Even Mr. Gooden was unaware of the identity of the person in the photograph he had found and used, as there was no reference to the person by name or otherwise, either on the photograph itself or at its source.  (Dowling Decl., Ex. 17 at 33:15-17, 43:18-44:2.)  Prior to this lawsuit, none of the Defendants knew that a photograph or likeness of *Plaintiff* was allegedly used by Mr. Gooden in creating the final version of the GBMV1 Cover Image.  (Dowling Decl, Ex. 16 at 253:3-7; Ex. 10 at 22:4-12, 34:12-17, 42:5-9; Ex. 11 at 59:17-23.)

## 1. PLAINTIFF'S FAILURE TO PRODUCE EVIDENCE OR DISCLOSE WITNESSES WITH TESTIMONY PROBATIVE OF DEFENDANTS' KNOWLEDGE WARRANTS EXCLUSION

In initial disclosures, Plaintiff was required to disclose, among other things:  (1) the names and (if known) the addresses and telephone numbers of individuals "likely to have discoverable information" that the disclosing party may use to support its claims or defenses (unless solely for impeachment), and the subject of the information known by the witness, Fed. R. Civ. P. 26(a)(1)(A)(i); and (2) copies or a description by category and location of all documents, electronically-stored information, and tangible things in its "possession, custody, or control" that Plaintiff may use to support his claims or defenses (unless solely for impeachment).  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Any such witnesses or documents had to be identified or produced by June 26, 2020, the Court-ordered close of discovery.

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* # 3 TO EXCLUDE CERTAIN EVID UNDER CC 3344

1   Besides the initial disclosures, Plaintiff was required to provide, as part of
2   the pretrial proceedings, the following information, other than evidence it may
3   present solely for impeachment: names, addresses and telephone numbers of
4   witnesses, separately identifying those whom the party expects to call and those
5   whom it may call if the need arises; and identification of documents or other exhibits
6   to be offered, plus separate identification of those which the party may offer if the
7   need arises.  Fed. R. Civ. P. 26(a)(3)(A).

8   Beyond the mandatory disclosures, Plaintiff had a duty to provide
9   complete and forthright answers to discovery requests, such as Defendants'
10  interrogatories and document requests, and to supplement or correct earlier
11  interrogatory answers upon learning that the earlier answers were "in some material
12  respect … incomplete or incorrect" when made or are no longer true. Fed. R. Civ. P.
13  26(e); *see also Royalty Petroleum Co. v. Arkla, Inc.*, 129 F.R.D. 674, 678 (W.D.
14  Okla. 1990) (stating that delaying supplemental responses until eve of trial would
15  amount to "trial by ambush").
16

17  Plaintiff has failed to comply with these rules with respect to the issue of
18  Defendants' knowledge.  He made no initial disclosures under F.R.C.P 26 of any
19  evidence of any knowing use regarding Plaintiff's photograph or likeness by any
20  Defendant. (Dowling Decl., Ex. 2 at pp. 1-4.)  In discovery, Plaintiff has not adduced
21  any evidence of any such knowing use by any of the Defendants.  (Dowling Decl.,
22  Ex. 6 at pp. 8-13; Ex. 7 (Responses to Interrogatories Nos. 7 and 8); Ex. 9 (Responses
23  to Requests for Production Nos. 122-133).)   And Plaintiff has identified no trial
24  witness competent to establish any such knowing use, and has identified no intended
25  trial exhibits to establish such any such fact.  (Dowling Decl., Ex. 4; Ex. 5.)

26  Defendants have  categorically denied any such knowledge.  (Dowling
27  Decl., Ex. 18 ¶¶ 3-4; Ex. 19 ¶¶ 3-4.)  Mr. Gooden's version of the services he
28

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* #
3 TO EXCLUDE CERTAIN EVID UNDER CC 3344

provided, and his testimony about his communications with Defendants, corroborate Defendants' denials.  (Dowling Decl., Ex. 17 at 33:21-25, 34:1-3.)  And no other witness has been identified by Plaintiff, much less deposed or otherwise subjected to discovery, who could testify on these matters.  Plaintiff, his wife, and his tattoo artist cannot do so.  (Dowling Decl., Ex. 4.)

Failure to timely disclose competent witnesses and exhibits on this issue precludes Plaintiff from offering any evidence at trial on this pivotal issue.  Even *without* a prior court order, a party who has violated the mandatory disclosure provisions of Rule 26(a), or the supplemental disclosure provisions of Rule 26(e)(1), is subject to an *automatic* sanction: witnesses, documents, or other information not properly disclosed *cannot be used as evidence*.  Fed. R. Civ. P. 37(c)(1).  This rule is self-executing; a litigant need not move to compel.  Fed. R. Civ. P. 37 Advisory Committee's Note (1993).  Nor does the imposition of a sanction under this provision require a violation of a court order as a prerequisite.  *Chalick v. Cooper Hosp./Univ. Med. Ctr.*,  192 F.R.D. 145, 151 (D.N.J. 2000); *see Drnek v. Variable Annuity Life Ins. Co.*,  261 Fed. App'x 50, 51 (9th Cir. 2007).

A party who fails to make the required disclosures "is *not allowed* to use that information or witness to supply evidence on a motion, at a hearing, or at trial," *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), unless failing to disclose was "substantially justified" or "harmless."  Fed. R. Civ. P. 37(c)(1); *see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Evidence preclusion under Rule 37 is not dependent on a finding of willfulness or bad faith.  *Hoffman*, 541 F.3d at 1180.  The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless.  *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*,

673 F.3d 1240, 1246 (9th Cir. 2012).   Unless the nondisclosure is "harmless" or excused by "substantial justification," the court *must* preclude the introduction of the evidence. This "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37 Advisory Committee's Note (1993); *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The granting of a motion *in limine* is an appropriate form of relief for failure to produce evidence. "Even in the absence of a discovery order [that has been disobeyed], a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) ("This circuit has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.") (internal quotation omitted).

## 2. KNOWLEDGE CANNOT BE PRESUMED OR REASONABLY INFERRED FROM ANY FACTS IN THE RECORD

There is no authority creating or recognizing any evidentiary presumption that a defendant (much less these Defendants) made any *knowing* use of Plaintiff's photograph, image, or identity, "in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services." Cal. Civ. Code § 3344(a).  Plaintiff cannot meet his burden of proof with admissible evidence.

Plaintiff may attempt to argue Defendants "knew" of Plaintiff, and supposedly "knew" that a photographic image of "Plaintiff" (or at least part of his

tattoo image) was used in the GBMV1 Cover Image, *once they learned of his Complaint in this lawsuit*, but they did not cease using it thereafter.

Plaintiff's position is without merit.   It ignores that after Plaintiff commenced his litigation, Defendants (and their counsel) concluded in good faith that Mr. Gooden's use of the partial tattoo design in the GBMV1 Cover Image, and thus also Defendants' use of that image, was a fair use. *See, e.g.*, *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) (holding that continued use of a work even after one has been notified of his or her alleged infringement does not constitute willfulness, so long as one believes reasonably, and in good faith, that he or she is not infringing).

## C. PLAINTIFF SHOULD BE PRECLUDED FROM PROFFERING OR REFERRING TO EVIDENCE OR TESTIMONY THAT HE IS "READILY IDENTIFIABLE" IN THE GBMV1 COVER IMAGE.

Cal. Civil Code § 3344(b) provides, in pertinent part:

> As used in this section, "photograph" means any photograph or photographic reproduction, still or moving, or any videotape or live television transmission, of any person, **such that the person is readily identifiable**.

> (1) A person shall be deemed to be **readily identifiable** from a photograph **when one who views the photograph with the naked eye can reasonably determine that the person depicted in the photograph is the same person who is complaining of its unauthorized use**. . . .

(Emphasis added.)

The Ninth Circuit has held that the above standard applies to a plaintiff's likeness as well as his photograph:   in both cases, the person depicted must be readily identifiable *as the plaintiff*.   *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th

1    Cir. 1998).

2            The partial tattoo design superimposed on the upper back and upper left

3    arm of the male model posing with Cardi B in the GBMV1 Cover Image was

4    "photoshopped" by Mr. Gooden from an online, unreferenced photograph that

5    Plaintiff claims depicts his back and arm tattoos.  By itself, the partial tattoo does

6    not permit someone to determine that "the person depicted in" the GBMV1 Cover

7    Image "is the same person who is complaining of its unauthorized use." Cal. Civil

8    Code § 3344(b)(1).  The actual person depicted is the male model, not the Plaintiff.

9    He has different hair, a different body, a different age, and different skin tone.  He

10   is Black, and the Plaintiff is Caucasian. Indeed, Plaintiff *admits* that it is not him

11   posing with Cardi B in the GBMV1 Cover Image.  (Dowling Decl., Ex. 13 at 38:13-

12   18, 63:4-8.)  Plaintiff admits that he has never met Cardi B, that he was not present

13   at the photo shoot in Toronto for the cover art, and that he is not a young, Black man

14   with a full head of black hair and male model's physique, despite the similarity of

15   certain elements of the tattoo design on that man's back and arm to Plaintiff's tattoo.

16   (Dowling Decl., Ex. 13 at 38:13-39:8, 63:4-8, 127:7-8.)

17

18           The partial tattoo design in the GBMV1 Cover Image is demonstrably

19   different from Plaintiff's tattoo.  There are multiple transformations and alterations

20   of Plaintiff's partial tattoo design allegedly embodied in the GBMV1 Cover Image.

21   Only a small portion of the GBMV1 Cover Image  is derived from the alleged

22   "photoshopping" of Brophy's photograph, and even that small portion was

23   materially altered. The neck tattoo is removed; the arm is repositioned; the lighting

24   and shadowing is manipulated to fit the interior of the limousine; the image is tilted

25   to match the forward-leaning posture of the model's body; the image is tinted,

26   shaded, and re-colored to fit the overall scheme of the underlying photo used in the

27   GBMV1 Cover Image; and the periphery fades to black.  (Compl., ¶¶ 17, 21 [Dkt.

28

13

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* #
3 TO EXCLUDE CERTAIN EVID UNDER CC 3344

No. 1]; Dowling Decl., Ex. 13 at 120:5-121:8, 127:16-128:8, 130:13-20, 136:5-17; Ex. 15 at 74:7-13, 77:1-18, 78:19-79:4.)

There is nothing unique about tiger, or snake, or tiger-fighting-snake back tattoos. (Dowling Decl., Ex. 15 at 59:18-60:1.)  And Plaintiff has not adduced or proffered any evidence sufficient to establish that such a generic tattoo design is unique. (Dowling Decl., Ex. 13 at 124:12-125:22; Ex. 15 at 29:8-22, 31:5-14, 54:21-55:12, 56:18-57:11.)  Anyone who is so intimately familiar with the details of Plaintiff's tattoos would necessarily also note the significant differences described above, and the fact that the person posing with Cardi B is not Plaintiff, is a different race, and has a different tattoo. (Dowling Decl., Ex. 13 at 38:22-39:8, 120:5-121:8.)

The statute expressly requires that a viewer be able to "reasonably determine that the person depicted in the photograph *is the same person*" as the Plaintiff.  Cal. Civ. Code § 3344(b)(1) (emphasis added).  Here, Plaintiff has adduced no admissible evidence that anyone determined or could reasonably determine that it is *Plaintiff* in the GBMV1 Cover Image — because it is not.  Instead, it is undisputed that the person in the photo is a Canadian, Black male model with a full head of dark hair, who is known by the name The6atSix.  (Dowling Decl., Ex. 11 at 24:187-25:4; Ex. 17 at Exs. 132, 137, 139; Compl. ¶ 21 [Dkt. No. 1].)  Plaintiff is a middle-aged Caucasian surfer with a shaved head.  (Dowling Decl., Ex. 13 at 34:19-20, 38:13-18, 127:7-8.)

The test for whether someone is "readily identifiable" by "one who views the photograph with the naked eye" is whether an ordinary member of the general public can identify the person in the photograph, not whether some small, as-yet-unidentified, subset of people with special knowledge, as to whom no admissible evidence has been adduced, can do so.  Cal Civ. Code § 3344(b)(1).  There is no evidence that Plaintiff or his tattoo design are known to the general public or an

average person, or that his tattoo design  is known, or known *as his*, to anyone other than a handful of family, friends, and acquaintances.  (Dowling Decl., Ex. 13 at 24:25-25:21; 71:6-10, 72:11-14, 73:7-74:5.)

The statute's reference to "the naked eye" is an important qualification. Cal. Civ. Code § 3344(b)(1).  Here, an ordinary viewer of the GBMV1 Cover Image – as published on the relevant music services' websites that provide streaming and downloads – would see only a thumbnail image on a webpage as displayed on a computer or smartphone screen.  In that context, it is difficult to make out any details of the tattoo design, much less sufficiently to confirm that it partially matches Plaintiff's tattoo design.  And that is still a far cry from such a viewer being able to "reasonably determine" that the person *is actually Plaintiff* in the picture.

## 1. PLAINTIFF'S FAILURE TO PRODUCE EVIDENCE OR DISCLOSE WITNESSES WITH TESTIMONY PROBATIVE OF HIS IDENTIFIABILITY WARRANTS EXCLUSION

Plaintiff made no initial or pretrial disclosures under Fed. R. Civ. P. 26, or any production during discovery, of any documentary or testimonial evidence probative of whether Plaintiff is "readily identifiable" as "the same person" in the GBMV1 Cover Image.  Cal. Civ. Code § 3344(b); (Dowling Decl., Ex. 2).  Further, Plaintiff has not identified any competent witness or trial exhibit capable of establishing that Plaintiff is "readily identifiable" as "the same person" in the GBMV1 Cover Image.  (Dowling Decl., Ex. 4; Ex. 5.)

Plaintiff first learned about the GBMV1 Cover Image from his tattoo artist, Tim Hendricks, a year after the mixtape was released.  (Dowling Decl., Ex. 13 at 29:5-30:15.)  Even as Hendricks brought it to the attention of Plaintiff, Hendricks himself knew it was not Plaintiff.  (Dowling Decl, Ex. 15 at 91:17-22; Ex. 13 at 34:5-19.)  Therefore, Hendricks and Plaintiff speculated as to how someone *might have*

found a picture of Plaintiff's tattoo design and *somehow* copied part of it onto the body of the young Black man in the GBMV1 Cover Image. (Dowling Decl, Ex. 15 at 91:23-92:12.)

Plaintiff brought the GBMV1 Cover Image to his wife's attention, she did not discover it herself and no one else had brought it to her attention previously. He showed it to her because he wanted to assure her that it was *not* him in the image. (Dowling Decl., Ex. 13 at 41:1-17; Ex. 14 at 26:24-27:4, 27:10-28:2, 28:8-15, 29:78-13, 34:10-17.) Plaintiff's wife believed him. (Dowling Decl., Ex. 14 at 29:7-13, 34:10-17; Ex. 13 at 42:19-43:12.) Plaintiff's son viewed the GBMV1 Cover Image momentarily, but discussed it only once with his father. (Dowling Decl., Ex. 13 at 48:23-49:17, 50:17-19, 54:10-55:9, 55:23-56:10, 56:19-57:1; Ex. 14 at 39:9-40:9, 40:19-22).

Between early 2017 when Plaintiff first learned of the GBMV1 Cover Image and October 2017 when this action was filed, his wife could only recall a couple of occasions when a few friends or acquaintances at the beach ask Plaintiff if that was him on the Cardi B album cover. (Dowling Decl., Ex. 14 at 35:14-36:9, 38:3-23.) In each instance, he denied it and they accepted his denial. (Dowling Decl., Ex. 14 at 48:15-50:5, 50:12-20.) The only other instances in which the issue of Plaintiff and the GBMV1 Cover Image arose occurred after this lawsuit was publicized worldwide including on the celebrity gossip website and television show "TMZ," often displaying side-by-side photos of Plaintiff and the GBMV1 Cover Image that Plaintiff had included in his Complaint. (Dowling Decl., Ex. 13 at 58:24-59:22, 71:6-10, 72:11-14, 73:7-74:15; Ex. 14 at 59:11-18.) Notwithstanding such coverage, Plaintiff has not identified any witness whose testimony would establish that such witness  identified Plaintiff as the person in the GBMV1 Cover Image. None of Plaintiff's identified trial witnesses — Plaintiff, his wife, and Mr. Hendricks

— did so.  And none of them can competently testify concerning what other third parties believed because such testimony is inadmissible hearsay.  *See* Fed. R. Evid. 801.

In short, there is no evidence or witness Plaintiff has identified to establish that a member of the public, or even of any discernible group within it, "who views the photograph with the naked eye can reasonably determine that the person depicted in the photograph is the same person" as Plaintiff.

Accordingly, Plaintiff should be barred from proffering any evidence or testimony on the question of his identifiability or refer to such evidence in opening or closing statements, during trial, or in any argument to the jury.

## III.   CONCLUSION

Defendants respectfully request that the Court grant this motion *in limine* precluding any proffer by Plaintiff in all respects.

Dated:  December 6, 2021           Respectfully Submitted,

**ALAN G. DOWLING, P.C.**

By:  /s/ Alan G. Dowling

**Alan G. Dowling**

*Attorney for Defendants*

Brophy v. Almanzar, et al
USDC, CD Cal, Case No. 8:17-cv-01885-CJC-JPR

MEMO OF P&A IN SUPP OF DEFS' MOT *IN LIMINE* # 3 TO EXCLUDE CERTAIN EVID UNDER CC 3344