JONATHAN L. SEGAL (State Bar No. 264238)
 jonathansegal@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorney for Defendants
BELCALIS ALMANZAR aka CARDI B; KSR
GROUP, LLC; WASHPOPPIN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KEVIN MICHAEL BROPHY, JR., | Case No. 8:17-cv-01885-CJC(JPRx) |
| Plaintiff, | |
| vs. | Hon. Cormac J. Carney<br>US District Judge |
| BELCALIS ALMANZAR aka CARDI B, an individual; KSR GROUP, LLC, a New York limited liability company; WASHPOPPIN, INC., a New York corporation; and DOES 1-20, inclusive, | **JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD DRAFT JURY INSTRUCTIONS** |
| Defendants. | |
| | FPTC Date:  October 11, 2022<br>Time:  9 a.m.<br>Location:  Crtm 9B US Cthse<br>411 W. Fourth St.<br>Santa Ana, CA 92701 |
| | Action Filed:  October 26, 2017<br>Trial Date:  October 18, 2022 |

# TABLE OF CONTENTS

**Page**

DEFENDANTS' PROPOSED MODIFICATION TO COURT'S
INSTRUCTION NO. 19 ................................................................ 5

    Defendants' Argument.................................................... 6

    Plaintiff's Response ...................................................... 6

DEFENDANTS' PROPOSED MODIFICATION TO COURT'S
INSTRUCTION NO. 20 ................................................................ 8

    Defendants' Argument.................................................... 8

    Plaintiff's Response ...................................................... 9

DEFENDANTS' PROPOSED MODIFICATION TO COURT'S
INSTRUCTION NO. 21 .............................................................. 10

    Defendants' Argument.................................................. 11

    Plaintiff's Response .................................................... 12

DEFENDANTS' PROPOSED INSTRUCTION NO. 21A .................................. 12

    Defendants' Argument.................................................. 13

    Plaintiff's Response .................................................... 13

DEFENDANTS' PROPOSED MODIFICATION TO COURT'S
INSTRUCTION NO. 24 .............................................................. 15

    Defendants' Argument.................................................. 16

    Plaintiff's Response .................................................... 18

JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD
DRAFT JURY INSTRUCTIONS

4878-1519-2630v.2 0120289-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blatty v. New York Times Co.*,
    42 Cal. 3d 1033 (1986) ...................................................................................... 11

*Comedy III Prods., Inc. v. Gary Saderup, Inc.*,
    25 Cal. 4th 387 (2001) ......................................................................... 16, 17, 18

*Daly v. Viacom, Inc.*,
    238 F. Supp. 2d 1118 (N.D. Cal. 2002) ....................................................... 18

*Davis v. Elec. Arts Inc.*,
    No. 10-CV-03328-RS, 2017 WL 3335758 (N.D. Cal. Aug. 4, 2017),
    *adhered to on reconsideration*, No. 10-CV-03328-RS, 2017 WL
    8948083 (N.D. Cal. Dec. 11, 2017) ........................................................... 6, 9

*Davis v. Electronic Arts Inc.*,
    775 F.3d 1172 (9th Cir. 2015) ..................................................................... 19

*Fellows v. Nat'l Enquirer, Inc.*,
    42 Cal. 3d 234 (1986) ................................................................... 11, 13, 14

*Hosszu v. Barrett*,
    716 F. App'x 622 (9th Cir. 2017) ............................................................... 11

*Kirby v. Sega of Am., Inc.*,
    144 Cal. App. 4th 47 (2006) ....................................................................... 16

*Midler v. Ford Motor Co.*,
    849 F.2d 460 (9th Cir. 1983) ......................................................................... 9

*Murphy v. King Size Prods.*,
    No. CV 22-00189-MWF, 2022 WL 2286474 (C.D. Cal. Mar. 17, 2022) ........... 11

*Newcombe v. Adolf Coors Co.*,
    157 F.3d 686 (9th Cir. 1998) ..................................................................... 6, 8

*No Doubt v. Activision Publ'g, Inc.*,
    192 Cal. App. 4th 1018 (2011) ................................................................... 17

JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD
DRAFT JURY INSTRUCTIONS

4878-1519-2630v.2 0120289-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*No Doubt v. Activision Publishing, Inc.*,
    192 Cal. App. 4th 1019 (2011) ............................................................ 19

*Ross v. Roberts*,
    222 Cal. App. 4th 677 (2013) ............................................................. 16

*Selleck v. Globe International, Inc.*,
    166 Cal.App.3d 1123 (Ct. App. 1985)................................... 13, 14, 15

*Upper Deck Co. v. Panini Am., Inc.*,
    469 F. Supp. 3d 963 (S.D. Cal. 2020)................................................ 6, 9

*Vijay v. Twentieth Century Fox Film Corp.*,
    No. CV 14-5405, 2014 WL 5460585 (C.D. Cal. Oct. 27, 2014)......................... 17

*Young v. Greystar Real Est. Partners*
    LLC, No. 318CV02149BENMSB, 2019 WL 4169889 (S.D. Cal.
    Sept. 3, 2019) ............................................................................ 6, 9

**Statutes**

California Civil Code
    § 45a ............................................................................... 13, 14
    § 3344 ............................................................................... *passim*
    § 3344(b) ...................................................................................... 8

**Constitutional Provisions**

U.S. Const. amend. I ....................................................................... 11, 16

**Other Authorities**

CACI
    No. 1802 ........................................................................................ 12
    No. 1803 .......................................................................................... 6

---

JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD
DRAFT JURY INSTRUCTIONS

4878-1519-2630v.2 0120289-000001

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants Belcalis Almanzar, professionally known as Cardi B ("Cardi B"), Washpoppin, Inc. ("Washpoppin") and KSR Group, LLC ("KSR," and collectively with Cardi B and Washpoppin, the "Defendants") submit these proposed modifications to Third Draft Jury Instructions Nos. 19, 20, 21 and 24, and additional instruction 21A. Defendants respectfully submit that failure to incorporate Defendants' changes would constitute reversible error.

Plaintiff opposes Defendants' proposed modifications.  As explained below, Defendants' changes diverge from well-established CACI instructions, and from the facts and law of this case.  Moreover, Defendants do not cite a single case where a court has issued the instructions or modifications they propose here.  Defendants' requested changes should be denied.

**Defendants' Proposed Modification to Court's Instruction No. 19:**

Mr. Brophy claims that Defendants Belcalis Almanzar (who I will now refer to as "Cardi B"), Washpoppin, Inc. (who I will now refer to as "Washpoppin"), and KSR Group, LLC (who I will now refer to as "KSR") misappropriated his likeness. To establish this claim, Mr. Brophy must prove all of the following:

1. That Cardi B, Washpoppin and/or KSR used Mr. Brophy's likeness or identity;

2. That Mr. Brophy was readily identifiable in the use;

3. That Mr. Brophy did not consent to this use;

4. That Cardi B, Washpoppin and/or KSR gained a commercial benefit or some other advantage by using Mr. Brophy's name, likeness, or identity;

5. That Mr. Brophy was harmed; and

6. That Cardi B's, Washoppin's and/or KSR's conduct was a substantial factor in causing Mr. Brophy's harm.

/ / /

/ / /

5

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Defendants' Argument**

The "readily identifiable" requirement applies to common law claims of misappropriation based on likeness.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998).  In *Newcombe*, the Ninth Circuit held that in order to decide whether a plaintiff's likeness was "actually used," it had to address "how identifiable an image must be in order to constitute a likeness under the common law and section 3344."  *Id.*  Declaring this to be the standard, the Ninth Circuit used language from the statute, stating that "application of the [readily identifiable] standard was appropriate to likenesses…." *Id.*

Numerous other courts in the Ninth Circuit have adopted the "readily identifiable" standard.  *See, e.g.*, *Upper Deck Co. v. Panini Am., Inc.*, 469 F. Supp. 3d 963, 985 (S.D. Cal. 2020) (the "'readily identifiable' standard applies to claims based on alleged misappropriation of 'likeness'"); *Young v. Greystar Real Est. Partners* LLC, No. 318CV02149BENMSB, 2019 WL 4169889, at *4 (S.D. Cal. Sept. 3, 2019) (same); *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS, 2017 WL 3335758, at *2 (N.D. Cal. Aug. 4, 2017), *adhered to on reconsideration*, No. 10-CV-03328-RS, 2017 WL 8948083 (N.D. Cal. Dec. 11, 2017) (The Ninth Circuit has held that the same "readily identifiable" standard applies to claims based on alleged misappropriation of "likeness.")

Because the Ninth Circuit has explicitly stated that "readily identifiable" is the standard for determining *how* identifiable an image must be to constitute the use of a plaintiff's likeness, the Jury should be given this instruction.

**Plaintiff's Response**

Defendants' proposed modification adds a redundant element to the Court's existing Instruction No. 19 that risks significant confusion by asking the jury to answer the same question two different ways.  Not surprisingly, this redundancy does not appear in CACI No. 1803, which the Court's existing instruction follows.

JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD
DRAFT JURY INSTRUCTIONS

4878-1519-2630v.2 0120289-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants omit any discussion of CACI in their argument, and they do not cite any cases involving a jury instruction, let alone where a court gave the instruction Defendants propose now.  Instead, they rely on cases where a defendant asked the court to rule as a matter of law, in a motion to dismiss or a motion for summary judgment, that a plaintiff's likeness was not recognizable, or was generic.

Here, in contrast, the Court already ruled when denying Defendants' motion for summary judgment that there is "no dispute" that the content Defendants' agent Timm Gooden "worked with was copied and pasted from a photo of Plaintiff's tattoo." Dkt. 125, p. 7.  Now, the jury is being instructed on factual issues concerning Defendants' use of Plaintiff's likeness, and the one-of-a-kind tiger and snake tattoo on his back.  There is no legitimate dispute that Defendants are using an actual likeness of Plaintiff on the cover of *Gangsta Bitch Music Vol. 1*.  There cannot be, because the evidence shows that Defendants found an actual image of Plaintiff on the internet and used it without his consent, with minimal to no change or alteration.

Under the Court's existing Instruction No. 19, the jury will first consider whether Defendants used Mr. Brophy's likeness or identity.  If the jury finds that the answer is "yes," there is no reason for them to find that the likeness is "readily identifiable."  To the extent such a standard even applies to a jury instruction, it is adequately and simply addressed in the existing instruction.  To diverge from CACI here, in the absence of any authority to support Defendants' proposal, would be error.

Plaintiff requests that the Court deny Defendants' proposed modification to Instruction No. 19.

/ / /

/ / /

/ / /

/ / /

/ / /

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Defendants' Proposed Modification to Court's Instruction No. 20:**

Mr. Brophy also claims that Cardi B, Washpoppin, and KSR violated California Civil Code section 3344 (use of likeness).  To establish this claim, Mr. Brophy must prove all of the following:

1. That Cardi B, Washpoppin, and/or KSR knowingly used Mr. Brophy's likeness to advertise or sell Cardi B's album *Gangsta Bitch Music, Vol. 1;*

2. <u>That Mr. Brophy was readily identifiable in the use without any additional context or contextual information;</u>

3. That the use did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign;

<u>4.</u> That Cardi B, Washpoppin, and/or KSR did not have Mr. Brophy's consent to use his likeness;

<u>5.</u> That Cardi B's, Washpoppin's, and/or KSR's use of Mr. Brophy's likeness was directly connected to Cardi B's, Washpoppin's, and/or KSR's commercial purpose;

<u>6.</u> That Mr. Brophy was harmed; and

<u>7.</u> That Cardi B's, Washpoppin's, and/or KSR's conduct was a substantial factor in causing Mr. Brophy's harm.

**Defendants' Argument**

The "readily identifiable" requirement is codified in Civ. Code section 3344 and has been explicitly adopted by the Ninth Circuit.  *See* Cal. Civ. Code § 3344(b); *Newcombe* 157 F.3d at 692.  In *Newcombe*, the Ninth Circuit held that in order to decide whether a plaintiff's likeness was "actually used," it had to address "how identifiable an image must be in order to constitute a likeness under the common law and section 3344."  *Id.*  Declaring this to be the standard, the Ninth Circuit used language from the statute, stating that "application of the [readily identifiable]

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

standard was appropriate to likenesses…" *Id.*

Numerous other courts in the Ninth Circuit have adopted the "readily identifiable" standard. *See, e.g.*, *Upper Deck Co. v. Panini Am., Inc.*, 469 F. Supp. 3d 963, 985 (S.D. Cal. 2020) (the "'readily identifiable' standard applies to claims based on alleged misappropriation of 'likeness'"); *Young v. Greystar Real Est. Partners* LLC, No. 318CV02149BENMSB, 2019 WL 4169889, at *4 (S.D. Cal. Sept. 3, 2019) (same); *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS, 2017 WL 3335758, at *2 (N.D. Cal. Aug. 4, 2017), *adhered to on reconsideration*, No. 10-CV-03328-RS, 2017 WL 8948083 (N.D. Cal. Dec. 11, 2017) (The Ninth Circuit has held that the same "readily identifiable" standard applies to claims based on alleged misappropriation of "likeness.")

For claims for violation of Section 3344, the statute also requires that a plaintiff be "readily identified" without "additional *contextual* information." *Davis v. Elec. Arts Inc.*, No. 10-cv-03328, 2017 WL 3335758 (N.D. Cal. Aug. 4, 2017) (emphasis in original) (citing *Midler v. Ford Motor Co.*, 849 F.2d 460, 463 (9th Cir. 1983)).

Because the Ninth Circuit has explicitly stated that "readily identifiable" is the standard for determining *how* identifiable an image must be to constitute the use of a plaintiff's likeness, and because Civ. Code § 3344 imposes the additional requirement that the identification be made without additional contextual information, the jury should be so instructed.

**Plaintiff's Response**

Defendants' proposed modification to the Court's existing Instruction No. 20 adds multiple elements to the instruction that are inconsistent with CACI No 1804. As discussed above, the "readily identifiable" standard does not apply to a jury instruction, and if it does the standard is accounted for in the existing instruction, which follows CACI. The cases Defendants rely on discuss this "standard" in the context of motions to dismiss or motions for summary judgment, not fact-oriented

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

jury instructions.  Again, because the Court already ruled when denying Defendants' motion for summary judgment that the image of Plaintiff on the mixtape was "copied and pasted from a photo of Plaintiff's tattoo" (Dkt. 125, p. 7) it is not necessary, and it would confuse the jury, to ask them whether Plaintiff's likeness is "readily identifiable" after they already found that Defendants used Plaintiff's likeness.

Likewise, Defendants ask the Court to insert an additional requirement that Mr. Brophy's likeness be identifiable "without any additional context or contextual information."  Defendants' proposed modification adds multiple redundancies and ambiguities to an instruction that already closely matches CACI as an approved form. Like with the proposed change to Instruction No. 19, the edit to Instruction No. 20 creates a significant risk of jury confusion by asking the jury to answer the same question asked multiple ways, multiple times.

Compounding that risk, Defendants' proposed change could be misleadingly used to argue to the jury that if they do not independently know who Mr. Brophy is, without the context of his testimony and other evidence at trial, then his likeness cannot be readily identifiable.   In effect, Defendants could impute a "fame" requirement on Plaintiff's misappropriation claim that does not exist in this case.

Plaintiff requests that the Court deny Defendants' proposed modification to Instruction No. 20.

**Defendants' Proposed Modification to Court's Instruction No. 21:**

Mr. Brophy also claims that Cardi B, Washpoppin, and KSR portrayed him in a false light.  To establish this claim, Mr. Brophy must prove all of the following:

1. That Cardi B, Washpoppin, and/or KSR publicly disclosed information or material that ~~showed~~ <u>was of and concerning</u> Mr. Brophy;

2. The material showed Mr. Brophy in a false light;

3. That the false light created by the disclosure would be highly offensive to a reasonable person in Mr. Brophy's position;

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.    That Cardi B, Washpoppin, and/or KSR were negligent in determining the truth of the information or whether a false impression would be created by its disclosure;

5.    That Mr. Brophy was harmed; and

6.    That Cardi B's, Washpoppin's, and/or KSR's conduct was a substantial factor in causing Mr. Brophy's harm.

**Defendants' Argument**

In *Blatty v. New York Times Co.*, 42 Cal. 3d 1033, 1043-44 (1986), the California Supreme Court held that all species of injurious falsehood, including false light invasion of privacy, must be subject to the First Amendment defenses that are applicable to claims for defamation.  "The fundamental reason that the various limitations rooted in the First Amendment are applicable to all injurious falsehood claims and not solely to those labeled 'defamation' is plain: although such limitations happen to have arisen in defamation actions, they do not concern matters peculiar to such actions but broadly protect free-expression and free-press values." *Blatty* at 1043.  Federal courts have adopted this rule to impose the "of and concerning" requirement on false light claims. *See, e.g.*, *Murphy v. King Size Prods.*, No. CV 22-00189-MWF (KSx), 2022 WL 2286474, at *3 (C.D. Cal. Mar. 17, 2022) (dismissing false light claim for failing to meet of and concerning requirement); *Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 245 (1986) (explaining defamation restrictions, including of and concerning requirement, apply to actions for false light). *See also Hosszu v. Barrett*, 716 F. App'x 622, 625 (9th Cir. 2017) (affirming dismissal of false light claim where plaintiff did not meet of and concerning requirement).

Determining that the image in question was "of and concerning" Mr. Brophy is a constitutional requirement, and the jury should be so instructed.

/ / /

/ / /

11

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Plaintiff's Response**

Defendants seek to modify the Court's existing Instruction No. 21 by altering and breaking apart the first element of the instruction in a way that is inconsistent with CACI No. 1802. Defendants' proposed alteration to the CACI form – changing the easily understood word "showed" to the ambiguous phrase "was of and concerning" – distorts the instruction and risks confusing the jury with vague language not supported by CACI or the case law Defendants cite.

Like in their proposed modifications to existing Instructions 19 and 20, Defendants are relying on case law analyzing claims in the context of a motion to dismiss, demurrer, or a motion for summary judgment. None of the cases discuss or analyze modifying a standard CACI jury instruction, let alone the one Defendants request now. Moreover, Defendants cite no authority that supports their assertion that it is a "constitutional requirement" that this language be included in this jury instruction. If it was, it would most certainly would have been imported into the model CACI instruction by now.

Plaintiff requests that the Court deny Defendants' proposed modification to Instruction No. 21.

**Defendants' Proposed Instruction No. 21A:**

If Mr. Brophy shows that Cardi B, Washpoppin or KSR portrayed him in a false light, Mr. Brophy must also show whether the meaning that damaged his reputation was apparent to the viewer without additional explanation, such as inducement, innuendo, or other outside facts.

/ / /

/ / /

/ / /

/ / /

/ / /

12

**Defendants' Argument**

This instruction is adapted directly from Civ. Code Section 45a. Where a publication gives rise to a claim for false light, a plaintiff must show either that a publication is defamatory on its face, or in the alternative must plead and prove special damages. *Fellows*, 42 Cal. 3d at 236. In *Fellows*, the California Supreme Court held that "the public policy embodied in section 45a equally applicable to an action for false light invasion of privacy…" *Id.* at 251.

**Plaintiff's Response**

Defendants' request for an additional jury instruction, based on a pleading standard they claim is adapted from Civil Code section 45a, is a disguised summary judgment argument and an attempt to limit Plaintiff's remedies for false light to special damages only. This is not the law. Because the use of Mr. Brophy's likeness is defamatory on its face, and at a minimum is reasonably susceptible of a defamatory meaning, Defendants' proposed instruction has no place in this action, and Plaintiff's remedies for false light should not be limited as Defendants suggest.

Like Defendants' other proposed changes, this additional instruction creates a significant risk of juror confusion, beginning with Defendants' attempt to apply a standard not applicable to jury instructions. Here, the jury will already be instructed in existing Instruction No. 21 that Mr. Brophy must prove that Defendants showed him in a false light. To then instruct the jury to ponder "why", based on a pleading standard that is deferential under the law in any event, would be error. (*Selleck v. Globe International, Inc.*, 166 Cal.App.3d 1123, 1130-31 (Ct. App. 1985) ("[t]he fact that an implied defamatory charge or insinuation leaves room for an innocent interpretation as well does not establish that the defamatory meaning does not appear from the language itself. The language used may give rise to conflicting inferences as to the meaning intended, but when it is addressed to the public at large, it is reasonable to assume that at least some of the readers will take it in its defamatory

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sense . . . .").)  Likewise, "it is error for a court to rule that a publication cannot be defamatory on its face when by any reasonable interpretation the language is susceptible of a defamatory meaning." *Id.* at 1131.

Here, it is evident that Mr. Brophy is being shown in a false light on the mixtape cover because it displays him in a sexually provocative, offensive, and vulgar manner and because it portrays him as someone who would consent to the use of his likeness in such a proactive, offensive, and vulgar manner.  No extrinsic facts are required to demonstrate that he is being shown in a false light, and it would risk significant jury confusion to give an additional instruction loaded with vague language and Defense counsel colloquy.

Defendants' theory based on Civil Code section 45a simply does not apply here, and if it did, the requirements are met.  *Selleck*, 166 Cal.App.3d at 1134-35 ("To the extent that section 45a applies to such a claim, its requirements are met in the present case.  The publication which is the basis of plaintiff's libel claim is reasonably susceptible of a defamatory meaning on its face; plaintiff therefore is relieved of the section 45a requirement of pleading special damages in order to state a cause of action for libel."); *see also Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 251 (1986), n.13 ("The public disclosure branch of the privacy tort involves the publication by defendant of non-newsworthy intimate details of plaintiff's private life.  In the public disclosure of private facts context, the policies of section 45a are inapposite, since the injurious nature of the report should have been apparent on its face and the question of innocent mistake does not arise.  Those false light cases based on publications which, if true, would be actionable as public disclosure of private facts, are conceptually indistinguishable from the latter category, and should not be subject to the special damages requirement of section 45a.")

The statute, and the suggested damages limitation, also does not apply for yet another reason – because Plaintiff demanded that Defendants stop using his likeness

at the outset of the case, in essence a demand for a retraction, and they refused. This also means proof of special damages is not required. *Selleck*, 166 Cal.App.3d at 1134.

Plaintiff is not limited to special damages, and he may be awarded non-economic damages for his mental suffering, anxiety, humiliation, and emotion distress, as well as for harm to his reputation and loss of standing in the community, as set forth in Instruction No. 26, which Defendants do not challenge or seek to modify.

Plaintiff requests that the Court deny Defendants' proposed additional Instruction No. 21A.

**Defendants' Proposed Modification to Court's Instruction No. 24:**

If you decide that Mr. Brophy has proved his misappropriation claim and/or his use of likeness claim under California Civil Code section 3344 against one or more Defendants, you must decide whether the First Amendment's guarantee of freedom of speech and expression nonetheless protects the use because it contains significant transformative elements.

Cardi B, Washpoppin, and KSR claim that they have not violated Mr. Brophy's right of privacy by misappropriating his likeness or using his likeness because the album cover of *Gangsta Bitch Music, Vol. 1* is protected by the First Amendment's guarantee of freedom of speech and expression because it contains significant transformative elements. This is called the "transformative use" defense and it only applies to Mr. Brophy's claims for misappropriation of his likeness and use of his likeness in violation of California Civil Code section 3344. To succeed, Defendants must prove either:

1) that the depiction of Mr. Brophy's ~~tattoo~~ likeness on the album cover adds something new to Mr. Brophy's ~~tattoo~~ likeness, giving the ~~tattoo~~ use of the likeness a new expression, meaning, or message; or

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

    2)  That the value of the cover does not result primarily from the use of Mr. Brophy's likeness.

In deciding whether the use was transformative, you should focus on whether the album cover as a whole adds significant creative elements to Mr. Brophy's likeness.

If you find that Cardi B, Washpoppin, and/or KSR proved their transformative use defense, then each Defendant that proved the defense is not liable for Mr. Brophy's misappropriation claim and his use of likeness claim in violation of California Civil Code section 3344.

**Defendants' Argument**

The use of a likeness, identity, or persona is at the core of all right of publicity or misappropriation claims. "The right of publicity protects an individual's right to profit from the commercial value of his or her identity." *Ross v. Roberts*, 222 Cal. App. 4th 677, 684 (2013). In contrast, questions regarding the use, and transformation of expressive works are properly the realm of copyright. To instruct a jury to focus on Mr. Brophy's tattoo instead of his identity or likeness in determining whether Defendants' use was transformative would improperly draw the jury's attention from the correct inquiry. The case law focuses on use of likeness. *See Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47, 58 (2006) ("If the 'product containing the [plaintiff's] likeness is so transformed that it has become primarily the defendant's own expression' of what he or she is trying to create or portray, rather than the [plaintiff's] likeness, it is protected.") In *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 405 (2001) the California Supreme Court noted that "when a work contains significant transformative elements, it is not only especially worthy of First Amendment protection, but it is also less likely to interfere with the economic interest protected by the right of publicity." *Comedy III*, 25 Cal. 4th at 405. That economic interest, the Supreme Court holds, is "the legitimate protectible

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   interest in exploiting the value to be obtained from merchandising the celebrity's

2   *image*." *Id.* at 400 (emphasis added).

3       Defendants' proposed change largely embraces the Court's original language

4   for this jury instruction (*see* Dkt. 180 at 11-12), except for the change from "Mr.

5   Brophy's tattoo" to "Mr. Brophy's likeness." The change also draws from the

6   language from the first factor of the model instruction, CACI Civil Jury Instr. 1805.

7   The instruction is not at odds with *No Doubt v. Activision Publ'g, Inc.*, 192 Cal. App.

8   4th 1018, 1031, 1033 (2011), as that case did not actually foreclose the possibility of

9   a transformative use defense even where the work contained "literal recreations"[1] of

10  a likeness.   Rather, in *No Doubt*, it was that the "literal recreations" were "not

11  transform[ed] into anything other than exact depictions of No Doubt's members

12  *doing exactly what they do as celebrities*" that caused the defendant's transformative

13  use defense to fail in that case.   *See id.* (emphasis added).   In fact, the court was

14  "careful to note that, in some circumstances, literal reproductions" can be

15  transformative.   *See id.* (discussing *Comedy III*).   It noted, for example, that in

16  *Comedy III*, the Court found that "[t]hrough distortion and careful manipulation of

17  context, Warhol was able to convey a message that went beyond the commercial

18  exploitation of celebrity images and became a form of ironic social commentary on

19  the dehumanization of celebrity itself." *See Comedy III*, 25 Cal. 4th at 408–09.

20      The instruction also properly adds the second element of the transformative

21  use test, but addresses the Court's prior concern about foreclosing right-of-publicity

22  claims from non-celebrities by changing "fame" to "likeness." The test is applicable

23  to non-celebrities as well as celebrities. *See Vijay v. Twentieth Century Fox Film*

24

25  _____

26  [1] Defendants also dispute that the mixtape artwork contains a "literal recreation" of

27  Mr. Brophy's tattoo—but that is not central to Defendants' transformative use

28  defense.

17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    *Corp.,* No. CV 14-5405, 2014 WL 5460585, at *4 (C.D. Cal. Oct. 27, 2014), *citing*

2    *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118 (N.D. Cal. 2002). ("Subsequent decisions

3    have explained that this defense does not only apply when the subject is a celebrity,

4    but to non-celebrities as well.")   The instruction modifies the test articulated in

5    *Comedy III* to focus on Mr. Brophy's likeness rather than fame focuses the inquiry

6    where it should be, on the alleged exploitation of the economic value of the plaintiff's

7    image or identity, the very interests the right-of-publicity tort was designed to protect.

8    **Plaintiff's Response**

9          Defendants' proposed modification to jury instruction No. 24 is an attempt to

10    relitigate an instruction that was already fully briefed and the subject of the Court's

11    July 15, 2022 Order (Dkt. 180).  In sum, Defendants are making the same arguments

12    they previously made, and the Court rejected.  In substance, Defendants are loading

13    the instruction with conclusory language that is designed (1) to confuse the jury into

14    believing Defendants' use of Plaintiff's likeness "contains significant transformative

15    elements" when it plainly does not, and (2) to require that Plaintiff's back piece have

16    some independent commercial value when he has never alleged that it does.  As

17    before, Defendants miss the mark by proposing an instruction that convolutes the law

18    and diverges misleadingly from the applicable CACI instruction, No. 1805 and its

19    Directions for Use.

20          Defendants begin by proposing an entire introductory paragraph that is not

21    rooted in any authority.  Then, Defendants propose to insert language – twice in the

22    first two paragraphs – suggesting the use of Plaintiff's likeness "contains significant

23    transformative elements" when it plainly does not.   Defendants have barely

24    transformed anything on Plaintiff's entire back piece, and really did nothing more

25    than a quick copy and paste of an image used without Plaintiff's consent.  It was only

26    slightly altered and then only to make it fit an existing photograph, not to give it a

27    new meaning.  As the Court found when denying Defendants' motions for summary

28

JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD
DRAFT JURY INSTRUCTIONS

4878-1519-2630v.2 0120289-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

judgment, "significant elements of Plaintiff's tattoo remain untouched in the final album cover.  Most significantly, defining elements including the tiger and snake remain virtually unchanged."  Dkt. 125 at p. 7.

Similarly, after arguing at summary judgment about the extent to which Plaintiff's tattoo was "transformed", Defendants now want to pivot to use of the word likeness in this instruction.  But replacing the word "tattoo" with "likeness" as Defendants propose is misleading.  It suggests that there is transformative use merely by placing Mr. Brophy in the mixtape cover, between Cardi B's legs – a place he would never consent to be.

The Court considered this issue carefully in the July 15, 2022 Order, ruling that the same language "is quite broad and creates a risk of jury confusion.  Based upon the current language, the jury could conclude that there is a transformative use of Mr. Brophy's likeness even if his likeness is merely replicated but the work provides a creative background on which his likeness is displayed.  But this has been foreclosed by California Courts.  *See No Doubt v. Activision Publishing, Inc.*, 192 Cal. App. 4th 1019, 1034–35 (2011)."  (Dkt. 180, p. 12.)  As the Court held, "the appropriate inquiry here is whether Mr. Brophy's likeness has been transformed, "rather than whether the work as a whole [is] transformative." *Davis v. Electronic Arts Inc.*, 775 F.3d 1172, 1178 (9th Cir. 2015)." *Id.*

Next, Defendants go on to re-argue the inclusion of item number two in the instruction, which the Court removed after the last round of briefing after finding that "[c]learly, the second element of this instruction is only applicable in instances in which the plaintiff is claiming that the work at issue is valuable primarily from their celebrity status."  (Dkt. 180, p. 11.)  Including that item is also misleading because it suggests Mr. Brophy is a celebrity whose tattoo and likeness has independent commercial value, when in reality Mr. Brophy is a private person who is suing to be left alone.

JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD DRAFT JURY INSTRUCTIONS
4878-1519-2630v.2 0120289-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mr. Brophy is not suing to protect the commercial value of his likeness, but to stop the invasion of his privacy from Defendants' ongoing commercial use, and to hold Defendants accountable for degrading him and falsely portraying him having forced oral sex with Cardi B on music platforms, other websites all across the internet, and now on physical merchandise sold to the public.

Defendants assert generally that the transformative use test applies in cases of private figures, but that misses the point.  The Court has already decided to give the transformative use instruction, over Plaintiff's objection, but properly limited it, as suggested in the CACI Directions for Use.  This is merely another attempt by Defendants to gut Plaintiff's case with an instruction the Court already rejected, because it would "bar private plaintiffs from pursuing justice for the misappropriation of their likeness. . . . [and] would constitute a death knell for Mr. Brophy's misappropriation of likeness claims." (Dkt. 180, p. 11.)

Plaintiff requests that the Court deny Defendants' proposed modification to jury instruction No. 24.

DATED: October 4, 2022

DAVIS WRIGHT TREMAINE LLP
JONATHAN L. SEGAL

By: _____/s/ Jonathan L. Segal_____
            Jonathan L. Segal

Attorneys for Defendants BELCALIS ALMANZAR aka CARDI B; KSR GROUP, LLC; WASHPOPPIN, INC.

Dated:  October 4, 2022

**CAPPELLO & NOËL LLP**

_/s/  Lawrence J. Conlan_____
A Barry Cappello
Lawrence J. Conlan

Attorneys for Plaintiff

20

_____
JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD DRAFT JURY INSTRUCTIONS
4878-1519-2630v.2 0120289-000001

1

## **L.R.5-4.3.4 Attestation**

2          Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other

3   signatories listed on this document, and on whose behalf this filing is submitted,

4   concur in the filing's content and have authorized the filing.

5   DATED: October 4, 2022                    DAVIS WRIGHT TREMAINE LLP
                                              JONATHAN L. SEGAL
6

7
                                    By:    _____*/s/ Jonathan L. Segal*_____
8                                              Jonathan L. Segal

9                                   Attorneys for Defendants BELCALIS
                                    ALMANZAR aka CARDI B; KSR
10                                  GROUP, LLC; WASHPOPPIN, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT REGARDING DEFENDANTS' PROPOSED MODIFICATIONS TO THIRD
DRAFT JURY INSTRUCTIONS
4878-1519-2630v.2 0120289-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899