PETER ANDERSON (State Bar No. 88891)
  peteranderson@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
RACHEL R. GOLDBERG (State Bar No. 308859)
  rachelgoldberg@dwt.com
FARRAH C. VAZQUEZ (State Bar No. 327371)
  farrahvazquez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorney for Defendants
BELCALIS ALMANZAR, WASHPOPPIN,
INC., and KSR GROUP, LLC

LISA F. MOORE (admitted *pro hac vice*)
  lisa@themoorefirm.com
MOORE PEQUIGNOT, LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia, 30318
Telephone:  (213) 633-6800

ATTORNEY FOR DEFENDANTS
BELCALIS ALMANZAR AND
WASHPOPPIN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KEVIN MICHAEL BROPHY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BELCALIS ALMANZAR aka CARDI B, an individual; KSR GROUP, LLC, a New York limited liability company; WASHPOPPIN, INC., a New York corporation; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 8:17-cv-01885-CJC(JPRx) <br><br> DEFENDANTS' PROPOSED MODIFICATIONS TO FOURTH DRAFT JURY INSTRUCTIONS |

Defendants Belcalis Almanzar, professionally known as Cardi B ("Cardi B"), Washpoppin, Inc. ("Washpoppin") and KSR Group, LLC ("KSR," and collectively with Cardi B and Washpoppin, the "Defendants"), submit these proposed modifications to **Fourth Draft Jury Instructions Nos. 20, 21, and 22, and additional instruction 19A and 20A**. Defendants respectfully submit that failure to incorporate Defendants' changes would constitute reversible error.

**Proposed Additional Jury Instruction Nos. 19A and 20A**

<u>Ownership of a copyright is distinct from ownership of a material object in which a copyrighted work is embodied. As a result, the purchase of a material object, such as a copy of a book from a bookstore, does not of itself convey any rights to the copyrighted work that is embodied in that material object.</u>

**Defendants' Authority**

17 U.S.C. § 202. ("Ownership of copyright as distinct from ownership of material object. Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied. Transfer of ownership of any material object, including the copy or phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object; nor, in the absence of an agreement, does transfer of ownership of a copyright or of any exclusive rights under a copyright convey property rights in any material object.")

**Proposed Modified Jury Instruction No. 20**

Mr. Brophy also claims that Cardi B, Washpoppin, and KSR violated California Civil Code section 3344 (use of likeness). To establish this claim, Mr. Brophy must prove all of the following:

1. That Cardi B, Washpoppin, and/or KSR knowingly used Mr. Brophy's likeness to advertise or sell Cardi B's album Gangsta Bitch Music, Vol. 1;

      a. <u>One who has been notified after publication that his conduct constitutes a violation, but who did not possess sufficient knowlege at the time of publication, is not "knowingly" for these purposes.</u>

2. That the use did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign;

3. That Cardi B, Washpoppin, and/or KSR did not have Mr. Brophy's consent to use his likeness;

4. That Cardi B's, Washpoppin's, and/or KSR's use of Mr. Brophy's likeness was directly connected to Cardi B's, Washpoppin's, and/or KSR's commercial purpose;

5. That Mr. Brophy was harmed; and

6. That Cardi B's, Washpoppin's, and/or KSR's conduct was a substantial factor in causing Mr. Brophy's harm.

**Defendants' Authority**

- *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) ("Continued use of a work even after one has been notified of his or her alleged infringement does not constitute willfulness so long as one believes reasonably, and in good faith, that he or she is not infringing . . .; *see also Danjaq*, 263 F.3d at 959; 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04 (Matthew Bender rev. ed. 2012) ('[O]ne who has been notified that his conduct constitutes copyright infringement, but who reasonably and in good faith believes the contrary, is not 'willful' for these purposes.') (footnotes omitted).")

- *D.A.R.E. Am. v. Rolling Stone Magazine*, 101 F. Supp. 2d 1270, 1287 (C.D. Cal. 2000) ("There is no authority to support Plaintiffs' argument that a publisher may be liable for defamation because it fails to retract a statement upon which grave doubt is cast after publication."), *aff'd*, 270 F.3d 793 (9th Cir. 2001).

- *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1167-68 (9th Cir. 2011) (in action for defamation and false light claims, holding failure to take down press release after "receiv[ing] substantial indications of falsity" did not amount to republication and to hold otherwise would violate California's "single-publication" rule, Cal. Civ. Code. § 3425.3).

**Proposed Modified Jury Instruction No. 21**

Mr. Brophy also claims that Cardi B, Washpoppin, and KSR portrayed him in a false light. To establish this claim, Mr. Brophy must prove all of the following:

1. That Cardi B, Washpoppin, and/or KSR publicly disclosed information or material that showed Mr. Brophy in a false light;
2. That the false light created by the disclosure would be highly offensive to a reasonable person in Mr. Brophy's position;
3. That Cardi B, Washpoppin, and/or KSR were <u>at the time of publication</u> negligent in determining the truth of the information or whether a false impression would be created by its disclosure;
4. That Mr. Brophy was harmed; and
5. That Cardi B's, Washpoppin's, and/or KSR's conduct was a substantial factor in causing Mr. Brophy's harm.

**Defendants' Authority**

- *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) ("Continued use of a work even after one has been notified of his or her alleged infringement does not constitute willfulness so long as one believes reasonably, and in good faith, that he or she is not infringing . . .; *see also Danjaq*, 263 F.3d at 959; 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04 (Matthew Bender rev. ed. 2012) ('[O]ne who has been notified that his conduct constitutes copyright infringement, but who

reasonably and in good faith believes the contrary, is not 'willful' for these purposes.') (footnotes omitted).")

- *D.A.R.E. Am. v. Rolling Stone Magazine*, 101 F. Supp. 2d 1270, 1287 (C.D. Cal. 2000) ("There is no authority to support Plaintiffs' argument that a publisher may be liable for defamation because it fails to retract a statement upon which grave doubt is cast after publication."), *aff'd*, 270 F.3d 793 (9th Cir. 2001).

- *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1167-68 (9th Cir. 2011) (in action for defamation and false light claims, holding failure to take down press release after "receiv[ing] substantial indications of falsity" did not amount to republication and to hold otherwise would violate California's "single-publication" rule, Cal. Civ. Code. § 3425.3).

**Proposed Modified Jury Instruction No. 22**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act.

A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. You must decide how a reasonably careful person would have acted <u>at the time of publication</u> in Cardi B's, Washpoppin's, and/or KSR's situation.

**Defendants' Authority**

- *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) ("Continued use of a work even after one has been notified of his or her alleged infringement does not constitute willfulness so long as one believes reasonably, and in good faith, that he or she is not infringing . . .; *see also Danjaq*, 263 F.3d at 959; 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04 (Matthew Bender rev. ed. 2012) ('[O]ne who has been

4884-3409-8490v.1 0120289-000001

notified that his conduct constitutes copyright infringement, but who reasonably and in good faith believes the contrary, is not 'willful' for these purposes.') (footnotes omitted).")

- *D.A.R.E. Am. v. Rolling Stone Magazine*, 101 F. Supp. 2d 1270, 1287 (C.D. Cal. 2000) ("There is no authority to support Plaintiffs' argument that a publisher may be liable for defamation because it fails to retract a statement upon which grave doubt is cast after publication."), *aff'd*, 270 F.3d 793 (9th Cir. 2001).

- *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1167-68 (9th Cir. 2011) (in action for defamation and false light claims, holding failure to take down press release after "receiv[ing] substantial indications of falsity" did not amount to republication and to hold otherwise would violate California's "single-publication" rule, Cal. Civ. Code. § 3425.3).

**Proposed Alternate Jury Instruction No. 22** (*to replace current instruction No. 22*)

To succeed on his false light claim, you must first determine whether Mr. Brophy qualifies as a limited purpose public figure.

Mr. Brophy is a limited purpose public figure if (i) there is a public controversy about a topic that concerns a substantial number of people (in other words, the issue was publicly debated), and (ii) Mr. Brophy must have voluntarily acted to influence resolution of the issue of public interest (in other words, Mr. Brophy attempted to thrust himself into the public's eye).

If you find that Mr. Brophy is a limited purpose public figure, you must also find that defendants acted with actual malice. To prove "actual malice," Mr. Brophy must prove, by clear and convincing evidence, that Cardi B, Washpoppin, and/or KSR knew or acted with reckless disregard to the truth.

4884-3409-8490v.1 0120289-000001

A reckless disregard requires more than a departure from reasonably prudent contact. Reckless disregard is not shown by carelessness or gross negligence. Rather, to prove actual malice, Mr. Brophy must provide clear and convincing evidence that Cardi B, Washpoppin, and/or KSR knew or should have known that the publicly disclosed information or material would mislead the public. This is a subjective test focusing on each defendant's state of mind at the time of publication.

If you find that Cardi B, Washpoppin, and/or KSR did not act with actual malice, then Mr. Brophy's claim for false light fails as to that Defendant.

Dated: October 20, 2022

By:    */s/ Jonathan L. Segal*
Jonathan L. Segal
DAVIS WRIGHT TREMAINE LLP
Attorney for Defendants BELCALIS ALMANZAR pka CARDI B, WASHPOPPIN, INC. and KSR GROUP, LLC

LISA F. MOORE (admitted *pro hac vice*)
MOORE PEQUIGNOT, LLC
Attorney for Defendants
BELCALIS ALMANZAR, and WASHPOPPIN, INC.

4884-3409-8490v.1 0120289-000001