Peter Anderson (State Bar No. 88891)
  peteranderson@dwt.com
Jonathan L. Segal (State Bar No. 264238)
  jonathansegal@dwt.com
Rachel R. Goldberg (State Bar No. 308852)
  rachelgoldberg@dwt.com
Farrah C. Vazquez (State Bar No. 327371)
  farrahvazquez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
BELCALIS ALMANZAR pka CARDI B; KSR GROUP, LLC; and WASHPOPPIN, INC.

Lisa F. Moore (admitted *pro hac vice*)
  lisa@themoorefirm.com
MOORE PEQUIGNOT, LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia, 30318
Telephone: (213) 633-6800

Attorney for Defendants
BELCALIS ALMANZAR and
WASHPOPPIN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KEVIN MICHAEL BROPHY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BELCALIS ALMANZAR aka CARDI B, an individual; KSR GROUP, LLC, a New York limited liability company; WASHPOPPIN, INC., a New York corporation; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 8:17-cv-01885-CJC(JPRx) <br><br> DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO [*PROPOSED*] JUDGMENT |

Defendants Belcalis Almanzar, Washpoppin, Inc., and KSR Group, LLC, respectfully submit this Response to Plaintiff's Objection (Doc. 244) to the proposed Judgment that Defendants have lodged with the Court (Doc. 243-1).

Plaintiff offers no objection to the proposed Judgment's substance or language. Instead, Plaintiff argues that it is "premature" to enter the proposed Judgment. However, Plaintiff demanded a jury trial and the Jury returned a unanimous verdict that he had failed to prove his claims. *See* Verdict (Redacted) (Doc. 238). And subject only to Federal Rule of Civil Procedure 45(b), which does not apply here, "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when . . . the jury returns a special verdict or a general verdict with answers to written questions." Fed. R. Civ. P. 58(b)(2)(A); *see also* L.R. 58-1 ("The entry of judgments . . . shall be made at the earliest practicable time.").

Ignoring Rule 58, Plaintiff first argues that the entry of the proposed Judgment is premature because "there has been no decision on Plaintiff's request for injunctive relief." Pltf's Objection at 2:3-4. But injunctions are remedies for wrongs or threatened wrongs and the Jury concluded that Plaintiff failed to prove any wrong occurred. It is axiomatic that the Court cannot enjoin conduct that the Jury has concluded is no violation of Plaintiff's rights. *See Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n. 12 (1987) (noting that to obtain a permenaent injunction, the plaintiff must demonstrate actual success on the). Indeed, given the Jury's verdict and, for example, Plaintiff's failure to produce—or even identify— witnesses who believed Plaintiff was depicted in the mixtape artwork, it would be an abuse of discretion to issue an injunction here.

Plaintiff also argues that entry of the proposed Judgment is premature because "Plaintiff intends to file a post-verdict motion pursuant to Fed. R. Civ. P. Rule 50 and/or 59." Pltf's Objection at 2:4-5. Aside from the fact there are no grounds to support such motions, Plaintiff was required to make any Rule 50 motion "before the case [was] submitted to the jury." Fed. R. Civ. P. 50(a)(2). The Court encouraged

the parties to stipulate that any Rule 50 motion was duly made. *See* Rptr's Trans. of Proceedings Jul. 18, 2002, at 25-26. Defendants sought that stipulation but Plaintiff failed to agree. Instead, the Court advised that it was sufficient for counsel to state that the party has a motion to make, and that is what Defendants' counsel did. *See* Rptr's Trans. of Proceedings, Oct. 20, 2022, at 234:25 – 235:4 and 253:2-5. Plaintiff's counsel, however, never mentioned any Rule 50 motion he might make. Accordingly, Plaintiff waived his right to make a Rule 50 motion. *See, e.g., Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009) ("Failing to make a Rule 50(a) motion before the case is submitted to the jury forecloses the possibility of considering a Rule 50(b) motion").

As for Rule 59, and again aside from the fact that there are no grounds whatsoever to support such a motion, by its express terms Rule 59 provides that a motion for a new trial or to alter or amend a judgment may be filed "*after* the entry of judgment." Fed. R. Civ. P. 59(b) & (e) (emphasis added). As a result, Plaintiff's assertion that he may make a Rule 59 motion – as doomed to failure as that motion would be – is no ground to delay entry of the proposed Judgment.

Defendants respectfully submit that the proposed Judgment should be entered.

Dated: November 21, 2022

By:    */s/ Jonathan L. Segal*
Peter Anderson
Jonathan L. Segal
Rachel R. Goldberg
Farrah C. Vazquez
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants BELCALIS ALMÁNZAR pka CARDI B, WASHPOPPIN, INC. and KSR GROUP, LLC

2