Peter Anderson (State Bar No. 88891)
  peteranderson@dwt.com
Jonathan L. Segal (State Bar No. 264238)
  jonathansegal@dwt.com
Rachel R. Goldberg (State Bar No. 308852)
  rachelgoldberg@dwt.com
Farrah C. Vazquez (State Bar No. 327371)
  farrahvazquez@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
BELCALIS ALMANZAR pka CARDI B; KSR
GROUP, LLC; and WASHPOPPIN, INC.

Lisa F. Moore (admitted *pro hac vice*)
  lisa@themoorefirm.com
MOORE PEQUIGNOT, LLC
887 West Marietta Street, Suite M-102
Atlanta, Georgia, 30318
Telephone:  (213) 633-6800

Attorney for Defendants
BELCALIS ALMANZAR pka CARDI B and
WASHPOPPIN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

|  |  |
|---|---|
| KEVIN MICHAEL BROPHY, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>BELCALIS ALMANZAR pka CARDI B, an individual; KSR GROUP, LLC, a New York limited liability company; WASHPOPPIN, INC., a New York corporation; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 8:17-cv-01885-CJC(JPRx)<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50<br><br>Date: January 9, 2023<br>Time: 1:30 p.m.<br><br>Courtroom of the Honorable<br>Cormac J. Carney<br>United States District Judge |

# **TABLE OF CONTENTS**

Page

1. INTRODUCTION ................................................................................................ 1

2. PLAINTIFF DELAYED REQUESTING A L.R. 7-3 PRE-FILING CONFERENCE UNTIL HOURS BEFORE HE FILED HIS MOTION ......... 1

3. PLAINTIFF WAIVED HIS RIGHT TO BRING THIS MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT ................................. 2

    a. A Rule 50(b) Motion Cannot Be Made if the Movant Failed to Make a Rule 50(a) Motion Before the Case Went to the Jury ............................ 2

    b. Plaintiff Waived His Right to Bring a Rule 50 Motion ........................ 3

        (1) Plaintiff Repeatedly Rebuffed Defendants' Requests for a Stipulation Preserving the Right to Make a Rule 50 Motion ....... 3

        (2) Plaintiff Also Failed to Make a Rule 50(a) Motion Before the Case was Submitted to the Jury ................................. 5

        (3) Plaintiff's Claim that the Parties Stipulated on the Record to Preserve All Rule 50 Motions Is Pure Fiction ............................ 6

        (4) Plaintiff's Notice Theory Makes No Sense and Is Wrong as a Matter of Law ................................................................................ 8

        (5) Plaintiff Fails in His Attempt to Distinguish *Tortu* and *Janes* .... 8

        (6) Plaintiff Did Not Substantially Comply with Rule 50(a) and, Even if He Had, Substantial Compliance Is Not Sufficient ......... 9

4. PLAINTIFF HAS NOT SHOWN THAT THE JURY VERDICT WAS UNREASONABLE IN LIGHT OF THE EVIDENCE ................................. 11

    a. The Standards Applicable to the Rule 50(b) Motion .......................... 11

    b. Plaintiff Fails to Carry His Burden of Establishing that No Reasonable Jury Could Find For Defendants ............................................................ 12

        (1) There Is Substantial Evidence that Defendants Did Not Appropriate Plaintiff's Likeness or Identity ............................. 13

        (2) Defendants Established They Did Not Know the Origin of the Images included in the Mixtape Artwork ................................. 15

        (3) Defendants Presented Substantial Evidence That They Did Not Harm Plaintiff ................................................................................ 15

        (4) Defendants Presented Substantial Evidence that the Alleged Use Was Transformative ................................................................. 17

    c. Plaintiff Also Ignores the Fatal Flaws in His Case ............................. 17

i

    (1)  Plaintiff Failed to Prove that Anyone Thought He Was Depicted in the Mixtape Artwork ............................................................. 18

    (2)  Plaintiff Failed to Establish That He Suffered Harm ................. 19

5.  CONCLUSION ................................................................................. 19

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*APL Co. Pte., Ltd. v. Mega Shipping, Inc.*,
　No. CV 15-00222 DDP (Ex), 2015 U.S. Dist. LEXIS 49685 (C.D. Cal.
　Apr. 2, 2015) ................................................................................................2

*Bayamon Thom McAn, Inc. v. Miranda*,
　409 F.2d 968 (1st Cir. 1969) ......................................................................10

*Costa v. Desert Palace, Inc.*,
　299 F.3d 838 (9th Cir. 2002) ......................................................................12

*Crowley v. Epicept Corp.*,
　883 F.3d 739 (9th Cir. 2018) ......................................................................11

*Downing v. Abercrombie & Fitch*,
　265 F.3d 994 (9th Cir. 2001) ......................................................................15

*E.E.O.C. v. Go Daddy Software, Inc.*,
　581 F.3d 951 (9th Cir. 2009) ........................................................................6

*Embotelladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co.*,
　No. 3:16-cv-00724-GPC-MSB, 2020 U.S. Dist. LEXIS 71954, 2020 WL
　1952820 (S.D. Cal. Apr. 23, 2020) ............................................................10

*Exxon Shipping Co. v. Baker*,
　554 U.S. 471 (2008) ......................................................................................2

*Farley Transp. Co. v. Santa Fe Trail Transp. Co.*,
　786 F.2d 1342 (9th Cir. 1985) ......................................................................8

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
　778 F.3d 1059 (9th Cir. 2015) ....................................................................12

*Janes v. Wal-Mart Stores Inc.*,
　279 F.3d 883 (9th Cir. 2002) ......................................................... 3, 8, 9, 11

*McEuin v. Crown Equip. Corp.*,
　328 F.3d 1028 (9th Cir. 2003) ....................................................................12

*Newcombe v. Adolf Coors Co.*,
　157 F.3d 686 (9th Cir. 1998) ................................................................ 13, 15

iii

*Nitco Holding Corp. v. Boujikian*,
 491 F.3d 1086 (9th Cir. 2007) ................................................................8

*Pavao v. Pagay*,
 307 F.3d 915 (9th Cir. 2002) ...............................................................11

*Reeves v. Sanderson Plumbing Products, Inc.*,
 530 U.S. 133 (2000)..............................................................................12

*Saman v. Robbins*,
 173 F.3d 1150 (9th Cir. 1999) ................................................................3

*Singer v. Live Nation Worldwide, Inc.*,
 No. SACV 11-0427 DOC (MLGx), 2012 U.S. Dist. LEXIS 5196 (C.D.
 Cal. Jan. 13, 2012) .................................................................................2

*Splitt v. Deltona Corp.*,
 662 F.2d 1142 (5th Cir. 1981) ..............................................................10

*Tortu v. Las Vegas Metro. Police Dep't*,
 556 F.3d 1075 (9th Cir. 2009) ...................................................*passim*

*Upper Deck Co. v. Panini Am., Inc.*,
 469 F. Supp. 3d 963 (S.D. Cal. 2020)...................................................13

*Velazquez v. City of Long Beach*,
 793 F.3d 1010 (9th Cir. 2015) ..............................................................12

*Williams v. Gaye*,
 895 F.3d 1106 (9th Cir. 2018) ................................................................6

*Winarto v. Toshiba Am. Elecs. Components, Inc.*,
 274 F.3d 1276 (9th Cir. 2001) ..............................................................11

*Zamani v. Carnes*,
 491 F.3d 990 (9th Cir. 2007) ..................................................................6

**Statutes**

California Civil Code
 § 3344.............................................................................................. 13, 15
 Rules

Federal Rules of Civil Procedure
    1 ............................................................................................. 10, 11
    50 ................................................................................................ *passim*

Local Civil Rules
    7-1 ................................................................................................... 7
    7-3 .......................................................................................... 1, 2, 19

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Plaintiff's frivolous Rule 50(b) Motion misrepresents the law, the facts, and the evidence, was brought without the required Local Rule 7-3 pre-filing conference, wastes the Court's time, and dishonors the jury's service.

Plaintiff's Motion fails at the outset because it is black-letter law that a Rule 50(b) motion may be considered only if the moving party made a Rule 50(a) motion "before the case [was] submitted to the jury…."  Fed. R. Civ. P. 50(a)-(b).  Here, Plaintiff never made a Rule 50(a) motion at all.  In an attempt to avoid that fatal defect, Plaintiff misrepresents that the parties stipulated to preserve all Rule 50 motions.  But that is not true: the transcripts as well as counsel's emails (which Plaintiff conspicuously fails to provide to the Court) establish that Plaintiff *declined* to even comment on Defendants' proposed stipulation.  Absent a timely Rule 50(a) motion, Plaintiff's Rule 50(b) Motion must be denied. *See below* at 3-11.

Even if Plaintiff could overcome that defect, which he cannot do, he fails to establish that the jury's verdict for Defendants is not supported by substantial evidence.  Indeed, rather than seriously attempt to make that showing, Plaintiff instead argues there was sufficient evidence to support a verdict in his favor.  But that is not the standard and, as Defendants show, the jury's verdict is well-moored in the evidence. *See below* at 12-17.  Further, Plaintiff asks the Court to reweigh evidence and he ignores substantial defects in his claim. *See below* at 18-20.

Defendants respectfully submit that Plaintiff's Motion must be denied.

### 2.    PLAINTIFF DELAYED REQUESTING A L.R. 7-3 PRE-FILING CONFERENCE UNTIL HOURS BEFORE HE FILED HIS MOTION

As a threshold issue, Plaintiff failed to timely meet and confer as required by Local Rule 7-3.  Although Plaintiff stated in his November 15, 2022, Objections to Defendants' proposed Judgment that he "intends to file a post-verdict motion pursuant to Fed.R.Civ.P. Rule 50…" [sic] (Doc. 244), he did not disclose the grounds for that

1

motion.  Moreover, he delayed until 1:47 p.m. on December 5, 2022—the same day he filed his Motion—before requesting a pre-filing conference.  *See* Declaration of Peter Anderson ("Anderson Decl.") at 2, ¶ 12, Ex. 7.

The Local Rule 7-3 meet and confer requirements are mandatory and Courts regularly dismiss or strike motions for failure to comply with them.  *See, e.g.*, *APL Co. Pte., Ltd. v. Mega Shipping, Inc.*, No. CV 15-00222 DDP (Ex), 2015 U.S. Dist. LEXIS 49685, at *1 (C.D. Cal. Apr. 2, 2015) (vacating motions to strike and dismiss for failing to comply with Local Rule 7-3 because "the meet-and-confer provision is not optional"); *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 U.S. Dist. LEXIS 5196, at *3 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment where defendant met and conferred <u>three days</u> before filing motion) (emphasis added).  For this reason alone, Plaintiff's Motion should be denied.

**3.**   **<u>PLAINTIFF WAIVED HIS RIGHT TO BRING THIS MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT</u>**

   **a.**   **<u>A Rule 50(b) Motion Cannot Be Made if the Movant Failed to Make a Rule 50(a) Motion Before the Case Went to the Jury</u>**

To preserve the right to make a post-trial motion for judgment notwithstanding the verdict under Federal Rule of Civil Procedure 50(b), a Rule 50(a) motion must be made before the case is submitted to the jury.  *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1081, 1083 (9th Cir. 2009) (because defendant had not made Rule 50(a) motion, district court erred in entertaining Rule 50(b) motion); *see also* Fed. R. Civ. P. 50, Adv. Comm. Notes, 2006 Amend.  "As explicitly stated in the Rule, a Rule 50(b) motion may be considered **only** if a Rule 50(a) motion for judgment as a matter of law has been previously made." *Tortu*, 556 F.3d at 1081 (emphasis added); *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n.5 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.").  Courts must "strictly

2

observe[]" the requirement that a Rule 50(a) motion was timely made, and "substantial compliance is not enough." *Saman v. Robbins*, 173 F.3d 1150, 1154 (9th Cir. 1999); *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 886-87 (9th Cir. 2002).

### b.   <u>Plaintiff Waived His Right to Bring a Rule 50 Motion</u>

It is undisputed that Plaintiff never made a Rule 50(a) motion at any time during the trial, let alone "before the case [was] submitted to the jury. . . ." Fed. R. Civ. P. 50(a)-(b). Instead, Plaintiff offers a series of arguments that either knowingly misrepresent the facts or fail as a matter of established law. As a result, Plaintiff cannot escape that he waived the right to bring a Rule 50 motion.

### (1)   Plaintiff Repeatedly Rebuffed Defendants' Requests for a Stipulation Preserving the Right to Make a Rule 50 Motion

A Rule 50(a) must not only "be made at any time before the case is submitted to the jury," but also "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(1)(2). Prior to trial, the Court raised that—to avoid interrupting the jury's time in the box while counsel recites the supporting law and facts—a party moving under Rule 50(a) need only timely state that it has a motion to make. *See, e.g.,* Rptr's Trans. (Doc. 203), Jul. 18, 2022, at 26:10-17, 27:17-24[1]; Declaration of Larry Conlan (Doc. 247-1), at 2, ¶ 5, Ex. 2 ("Rptr's Rough Trans., Jul. 28, 2022"), at 13-14; Rptr's Trans. (Doc. 221), Oct. 11, 2022, at 31:3-33:5. The Court also encouraged counsel to stipulate that the right to make a Rule 50 motion is preserved. *See* Rptr's Trans., Jul. 18, 2022, at 27:17-24; Rptr's Rough Trans., Jul. 28, 2022, at 13-14; Rptr's Trans., Oct. 11, 2022, at 32:3-33:5.

---

[1]   Plaintiff's Motion cites to the Realtime Unedited Transcripts provided to the parties and, as a result, his transcript citations differ from those of the official Reporter's Transcript. Defendants cite to the latter except for the July 28 Transcript.

Plaintiff now represents to the Court that there was a "clear stipulation by Plaintiff's counsel" and "an on-the-record statement by Defendants' counsel at the final pre-trial conference that there would be no waiver for failure to make a Rule 50 motion." Pltf's Memo. at 6:6-8. But Plaintiff's representations are demonstrably false. Indeed, the irony here is that both the Court and Defendants tried again and again to convince Plaintiff to agree to such a stipulation, but he never did.

Specifically, the Court, on multiple occasions, encouraged the parties to stipulate that the right to make Rule 50 motions is preserved. *See* Rptr's Trans., Jul. 18, 2022, at 26:10-17, 27:17-24; Rptr's Rough Trans., Jul. 28, 2022, at 13-14; Rptr's Trans., Oct. 11, 2022, at 31:3-33:5. Heeding the Court, when Defendants' new counsel substituted in for prior counsel, they prepared and sent Plaintiff's counsel a Stipulation and proposed Order preserving the parties' respective rights to make and renew Rule 50 motions. <u>But, despite multiple requests, Plaintiff never agreed to the Stipulation:</u>

- On October 10, 2022, as the October 18, 2022, trial date approached, Defendants' counsel emailed Plaintiff's counsel, Mr. Conlan, stating:

    > "We've also seen in a hearing transcript that the Court directed counsel to attempt to agree on a stipulation that Rule 50 motions are reserved, so as not to waste juror time. Attached are a Stipulation and proposed Order to that effect. Please let me know if you have any comments and, if not, please confirm we may add your '/s/' signature."

    *See* Anderson Decl. at 1, ¶ 4, Ex. 1. The Stipulation and proposed Order that Defendants' counsel sent Plaintiff's counsel was simple and mutual. *Id.* Plaintiff's counsel did not respond.

- At the October 11, 2022, Final Pre-Trial Conference, Plaintiff's counsel stated that before Defendants substituted in new counsel it had been agreed that Defendants would make their Rule 50 motion

"outside of the jury," and the Court encouraged the parties to see "if [they] can reach a stipulation…." Rptr's Trans., Oct. 11, 2022, at 31:3-32:8.

- On October 12, 2022, Defendants' counsel again emailed Mr. Conlan, asking: "Please provide any comments you have to the Stipulation and proposed Order regarding Rule 50 motions." *See* Anderson Decl. at 1, ¶ 5, Ex. 2.

- On October 14, 2022, after Mr. Conlan's continued silence on the issue and with trial just four days away, Defendants' counsel wrote Mr. Conlan, asking "Should I assume you aren't going to comment on, or approve, the Stipulation and proposed Order regarding Rule 50 motions?" *Id.*, Ex. 3.

- Later that day, Mr. Conlan, replied by e-mail, stating "We will respond to you on the Proposed Rule 50 stip." *Id.*, Ex. 4.

- On October 17, 2022, the day before the start of trial, Defendants' counsel again emailed Mr. Conlan, raising "I haven't heard back from you regarding the Rule 50 stipulation." *Id.*, Ex. 5.

- A few hours later, Mr. Conlan again promised "I will get back to you on the Rule 50 stip." Anderson Decl., Ex. 6.

But Plaintiff's counsel never did get back to Defendants' counsel, and never approved or agreed to the Stipulation and proposed Order. *Id.* at 2, ¶¶ 10-11.

## (2) Plaintiff Also Failed to Make a Rule 50(a) Motion Before the Case was Submitted to the Jury

Absent the stipulation that the Court encouraged counsel to agree upon, the Court repeatedly advised the Parties that it was sufficient for counsel to state on the record that the party had a Rule 50 motion to make. *See, e.g.*, Rptr's Trans., Jul. 18, 2022, at 27:21-24 ("[O]utside the presence of the jury, at the end of the day, you just say orally, 'We're making this motion, Rule 50 motion. These are the general areas,'

5

less than a minute.  And then it's duly preserved.").  The Court reiterated this point at
the August 17, 2022 Hearing, when it instructed the parties "you can, outside of the
jury, just for the record, say, 'We make our motion'" (Rptr's Trans. (Doc. 200), Aug.
17, 2022, at 17:16-17).

Defendants' counsel followed the Court's instructions. *See* Anderson Decl. at
2, ¶ 13(c), Ex. 10 ("Rptr's Trans. Oct. 20, 2022"), at 234:25-235:4; 253:2-5.

<u>Plaintiff's counsel, however, never mentioned at trial, let alone before the case
was submitted to the jury, any Rule 50 motion he might make.</u>  Plaintiff's "failure to
file a Rule 50(a) motion precludes consideration of a Rule 50(b) motion for judgment
as a matter of law…." *Williams v. Gaye*, 895 F.3d 1106, 1131 (9th Cir. 2018) (quoting
*Tortu*, 556 F.3d at 1083).  Since Plaintiff made no mention at all of a Rule 50 motion
before the case was submitted to the jury, he also does not and cannot claim that he
"ambiguous[ly] or inartfully made" one.  895 F.3d at 1131 n.20 (quoting *E.E.O.C. v.
Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009)).[2]

It is undisputed Plaintiff failed to make a Rule 50(a) motion and, accordingly,
he did not preserve the right to make the Rule 50(b) Motion he now makes.

### (3)    Plaintiff's Claim that the Parties Stipulated on the Record to Preserve All Rule 50 Motions Is Pure Fiction

Mr. Conlan asserts in a signed declaration that "[w]ith the stipulation recited on
the record by counsel for Defendants and the Court's agreement, Plaintiff understood
that all grounds for Rule 50 motions were preserved, there would be no waiver for
failure to make or renew a motion, and no need to agree, again, to the same existing
stipulation in writing."  Conlan Decl. (Doc. 247-1), ¶ 3; *see also* Pltf's Memo. at 13.
But there is no such stipulation.

---
[2]    Neither may Plaintiff try making that argument in his reply.  *See, e.g., Zamani
v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider
arguments raised for the first time in a reply brief").

6

Instead, Plaintiff quotes Defendants' counsel's statements at the October 11, 2022, Final Pretrial Conference that he had prepared a stipulation and proposed order preserving the right to make Rule 50 motions, that he had provided them "to Mr. Conlan for his review," and that "once we have that, there will be no interruption" while Rule 50 motions are made.  *See* Pltf's Memo. (Doc. 247) at 13:1-9 (quoting Rptrs' Trans., Oct. 11, 2022, at 32:16-17, 32:21-22).  But Plaintiff omits his counsel's statement that the only agreement, before Defendants substituted in as new counsel, was "that the defendants, if and when they make a Rule 50 motion, will do it separately, outside of the jury." Rptrs' Trans., Oct. 11, 2022, at 31:7-11.  Moreover, nowhere in the October 11, 2022, transcript did Plaintiff's counsel agree to the stipulation and proposed order that Defendants' counsel advised the Court he had submitted for Mr. Conlan's review.  *See, e.g.,* L.R. 7-1 ("Stipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding.").

Plaintiff's representation that at the October 11, 2022, Final Pretrial Conference the parties stipulated to the preservation of Rule 50 motions, also is disproven by Mr. Conlan's October 14, 2022, and October 17, 2022, emails, in which he promised to get back to Defendants' counsel regarding the stipulation and proposed order Defendants' counsel had prepared. *See above* at 5.  Of course, there would have been no need for Mr. Conlan to get back to Defendants' counsel if, as Mr. Conlan now states, the parties agreed at the Final Pretrial Conference that all Rule 50 motions are preserved.

And the fact that Plaintiff never stipulated to preserving Rule 50 motions is the reason Defendants' counsel made a Rule 50 motion after Plaintiff rested (Rptr's Trans., Oct. 20, 2022, at 234:25-235:4) and timely renewed it (*id.* at 253:2-5).

Plaintiff's claim that the parties stipulated on the record on October 11, 2022, that all Rule 50 motions are preserved, is simply false.

**(4)     Plaintiff's Notice Theory Makes No Sense and Is Wrong as a Matter of Law**

Plaintiff also argues that the Defendants had "ample notice" of his evidence at trial and are not prejudiced by his failure to make a Rule 50(a) motion before the case went to the jury.  Pltf's Memo. at 15.  But an opposing party that has not defaulted is by definition aware of the other side's evidence at trial.  If that knowledge excuses compliance with Rule 50(a), then the Rule has no meaning or application.

Moreover, the Ninth Circuit has repeatedly held that courts must strictly construe Rule 50's requirements precisely to avoid courts having to make the "difficult and subjective case-by-case determination of whether a failure to [present] a motion for directed verdict at the close of all the evidence has resulted in such prejudice to the opposing party under the particular circumstances of that case." *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002) (quoting *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342, 1345 (9th Cir. 1985)).  As a result, the failure to timely make a Rule 50(a) motion ends the inquiry.  *See*, *e.g.*, *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (affirming the judgment without reaching the merits of motion where party failed to follow the strict requirements of Rule 50).

**(5)     Plaintiff Fails in His Attempt to Distinguish *Tortu* and *Janes***

Plaintiff attempts to distinguish *Tortu* and *Janes*—binding Ninth Circuit precedent that a failure to make a timely Rule 50(a) motion precludes consideration of a Rule 50(b) motion for judgment as a matter of law—by arguing that these cases are ambiguous as to the timing for making the Rule 50(a) motions.  Pltf's Memo. at 14.  But that is simply not so.

In *Tortu*, the Ninth Circuit expressly stated that "Rule 50 *requires* a party seeking judgment as a matter of law to file a Rule 50(a) motion at any time *before the case is submitted to the jury.*" *Tortu*, 556 F.3d at 1081 (emphasis added).  *Tortu* also held that "a Rule 50(b) motion may be considered only if a Rule 50(a) motion for

8

judgment as a matter of law has been *previously* made." *See id.* (emphasis added). There is nothing "ambiguous" about that express timing requirement.  Consistent with the language in Rule 50(a) itself, *Tortu* held that the 50(a) motion must be made at the close of evidence and *before* the case is submitted to the jury, and that a Rule 50(b) motion will only be considered if a Rule 50(a) motion was previously made.

The Ninth Circuit in *Janes* reached the identical conclusion and also is unambiguous: the Court denied the defendant's motion for judgment as a matter of law because Wal-Mart "failed to move for judgment as a matter of law *before* submission of the case to the jury."  279 F.3d at 886 (emphasis added) (internal quotations removed).

There is nothing ambiguous about Ninth Circuit law as to Rule 50, and Plaintiff's failure to timely make a Rule 50(a) motion bars his Rule 50(b) Motion.

### (6)   Plaintiff Did Not Substantially Comply with Rule 50(a) and, Even if He Had, Substantial Compliance Is Not Sufficient

Plaintiff acknowledges the caselaw holding that substantial compliance with Rule 50(a) is not sufficient.  Pltf's Memo. at 14 (citing *Tortu*, 556 F.3d at 1083); *see also Janes*, 279 F.3d at 887 ("[S]ubstantial compliance is not enough").  Yet he tries to avoid that caselaw.  *See* Plft's Memo. at 14-15.

As an initial problem, Plaintiff did not even substantially comply with Rule 50(a).  Rather, he did not comply at all, failing to even mention at trial any possibility that he might make a Rule 50 motion.  Moreover, the cases he cites do not support substantial compliance as a way to avoid actual compliance with Rule 50(a).

Plaintiff first argues that in *Tortu*, which rejected substantial compliance, the district court's statements were "far more ambiguous" than the Court's statements here.  Plft's Memo. at 14.  But this Court's statements were crystal clear: counsel need only state, at the appropriate time, that a Rule 50 motion is being made and, if the parties stipulate that no mention of Rule 50 is necessary—a stipulation Plaintiff declined to enter into—then Rule 50 motions are preserved.  *See above* at 4-5.

Plaintiff next argues that the substance of the Court's statements and discussions between the parties were sufficient to preserve his right to file a Rule 50 motion even though he did not make a Rule 50(a) motion. Pltf's Memo. at 13. But that plainly is not the law and the cases he cites are inapposite.

In those cases and unlike here, the party seeking Rule 50 relief timely made a Rule 50(a) motion before the case was submitted to the jury. *Embotelladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co.*, No. 3:16-cv-00724-GPC-MSB, 2020 U.S. Dist. LEXIS 71954, at *2, 2020 WL 1952820, (S.D. Cal. Apr. 23, 2020) (defendant's Rule 50(a) motion made "at the close of Electropura's case-in-chief"); *Splitt v. Deltona Corp.*, 662 F.2d 1142, 1144 (5th Cir. 1981) (defendant's counsel made motion for directed verdict at the close of evidence and renewed after verdict); *Bayamon Thom McAn, Inc. v. Miranda*, 409 F.2d 968, 970 (1st Cir. 1969) ("After plaintiffs rested, motions for a directed verdict were filed on behalf of all defendants."). Further, the issue in *Bayomon* was that the motions were not renewed, arguably because the district court "may well have led counsel reasonably to believe that all had been done that was necessary." *Id.* at 971. However, here the Court did not lead Plaintiff astray. Instead, the Court was clear that a party need only timely mention Rule 50. *See above* at 4-5.

Plaintiff also cites the out-of-circuit decision in *Splitt* for the proposition that Rule 50 is satisfied if a movant's objection puts the opposing party on notice of the defects in his case. Pltf's Memo. at 15. But Plaintiff identifies no objection he made at trial that supposedly satisfied Rule 50(a). Further, *Splitt* identified other purposes served by Rule 50(a), including preventing a party from "gambl[ing] on a jury's verdict and then later question[ing] the sufficiency of the evidence" (662 F.2d at 1144), which is exactly what Plaintiff seeks to do here.

Finally, Plaintiff cites Federal Rule of Civil Procedure 1 as grounds to consider his Rule 50(b) Motion even though he did not timely file a Rule 50(a) motion. Pltf's Memo. at 9-10. But the generalized goals of Rule 1 are not a basis to avoid Rule 50's

specific requirement that a Rule 50(a) motion must be made before the case goes to the jury.  Rule 1 is too slender a reed on which to ask the Court to ignore Rule 50 and the well-established caselaw and take the decision away from the jury, rendering nugatory their significant time and service.  That would hardly further the "just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

Plaintiff was required to make a Rule 50(a) motion "before the case [was] submitted to the jury" and he irrefutably failed to do so.  Fed. R. Civ. P. 50(a)(2); *Tortu*, 556 F.3d at 1081; *Janes,* 279 F.3d at 887.  Under binding Ninth Circuit precedent, Plaintiff cannot now make a Rule 50(b) motion.  *See above* at 2-3; *see also Crowley v. Epicept Corp.*, 883 F.3d 739, 743 (9th Cir. 2018) (while the defendants timely made their Rule 50(a) motion, plaintiffs failed to do so and, as a result, "waived their right to directly challenge the sufficiency of the evidence").

## 4. <u>PLAINTIFF HAS NOT SHOWN THAT THE JURY VERDICT WAS UNREASONABLE IN LIGHT OF THE EVIDENCE</u>

Plaintiff failed to make a Rule 50(a) motion and, as a result, he cannot make a Rule 50(b) motion.  But even if he could, he fails to carry his burden of establishing that the jury's verdict was unreasonable.  For that additional reason, his Rule 50(b) Motion is properly denied.

### a. <u>The Standards Applicable to the Rule 50(b) Motion</u>

A Rule 50(b) motion for judgment as a matter of law is appropriate only if the evidence permits solely one reasonable conclusion, and that conclusion is contrary to that of the jury.  *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002); Fed. R. Civ. P. 50(a)(1) (Rule 50 motion requires showing that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [prevailing] party").  Specifically, "[t]he trial court can overturn the jury and grant such a motion **only if**, under the governing law, there can be but one reasonable conclusion as to the verdict.  In other words, the motion should be granted only if 'there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'"  *Winarto v. Toshiba Am. Elecs.*

11

*Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 149 (2000) (emphasis added)).   A party seeking judgment as a matter of law has a "very high" standard to meet.  *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002).

Further, "[i]n determining whether the verdict is supported by sufficient evidence, we do not weigh the evidence.  Instead, [the court] 'must … draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe.'"  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1068–69 (9th Cir. 2015) (internal citation omitted).  The court "may not make credibility determinations or weigh the evidence." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). "This high hurdle [applicable to Rule 50 motions] recognizes that credibility, inferences, and factfinding are the province of the jury, not this court."  *Costa*, 299 F.3d at 859.

Applying these well-established principles, Plaintiff fails to carry his burden of establishing the Court must toss the jury's verdict.

**b.** **Plaintiff Fails to Carry His Burden of Establishing that No Reasonable Jury Could Find For Defendants**

Remarkably, Plaintiff ignores his obligation to prove that the jury's verdict for Defendants is not supported by the evidence and, instead, Plaintiff argues that the evidence would have supported a verdict for him.  But that is not the test and, even if the Court were to agree, it "may not reject the jury's verdict simply because another appears preferable." *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1037 (9th Cir. 2003).  Moreover, and as Defendants next discuss, (1) substantial evidence supports the jury's verdict and (2) there were significant problems with Plaintiff's claims and proof at trial.

### (1) There Is Substantial Evidence that Defendants Did Not Appropriate Plaintiff's Likeness or Identity

Only a modified version of a small portion of the tattoos on Plaintiff's back were included by the graphic artist, Timm Gooden, in the mixtape artwork, and substantial evidence at trial supports that the mixtape artwork did not appropriate his likeness or identity.[3]

During the course of this litigation, the Court stated on multiple occasions that whether the mixtape artwork depicts Plaintiff's likeness is a question for the jury. *See, e.g.*, Rptr's Trans., Oct. 11, 2022, at 6:23-24 ("COURT: Well, the jury will be deciding whether that tattoo is his likeness."). And substantial evidence supports that the mixtape artwork did not in fact appropriate his likeness. Among other things, the Defendants conclusively established that:

- Plaintiff is white man with a shaved head, while the man depicted in on the mixtape artwork is a Black model with thick black hair. Anderson Decl. at 2, ¶ 13(a), Ex. 8 ("Rptr's Trans., Oct. 18, 2022"), at 176:5-16; *Id.* at 2, ¶ 13(b), Ex. 9 ("Rptr's Trans., Oct. 19, 2022"), at 81:4-83:4; Rptr's Trans., Oct. 20, 2022, at 11:25-12:12; 83:6-11; 111:15-20.

- Mr. Gooden used only small portions of the photograph of Plaintiff posted on the Internet, and changed and rearranged the portions. Rptr's Trans., Oct. 19, 2022, at 87:19-88:8; Rptr's Trans., Oct. 20,

---

[3]  *See., e.g.,* Cal. Civ. Code § 3344(b)(1) ("A person shall be deemed to be readily identifiable from a photograph when one who views the photograph with the naked eye can reasonably determine that the person depicted in the photograph is the same person who is complaining of its unauthorized use."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998) (the "readily identifiable" requirement applies to common law claims of misappropriation based on likeness); *Upper Deck Co. v. Panini Am., Inc.*, 469 F. Supp. 3d 963, 985 (S.D. Cal. 2020) ("'readily identifiable' standard applies to claims based on alleged misappropriation of 'likeness'").

2022, at 135:8-15, 171:14-172:14, 176:3-6, 176:20-177:6, 177:22-178:7, 178:11-23, 195:17-196:11.

- The mixtape artwork did not include prominent tattoos that appear on Plaintiff's back, including an extremely conspicuous tattoo on the back of his neck that reads "Born to Lose" in a highly stylized font, another tattoo of a skull and cross bones, another tattoo of roses, and yet another tattoo on Plaintiff's head.  Rptr's Trans., Oct. 18, 2022, at 173:24-174:6; Rptr's Trans., Oct. 19, 2022, at 92:14-24, 196:12-17; Rptr's Trans., Oct. 20, 2022, at 11:21-12:12, 81:18-82:9, 109:13-18, 111:18-20; 227:23-25.

- Snakes and tigers are very common in the world of tattoos and the portion of the tattoo used was neither thematically nor aesthetically unique.  Rptr's Trans., Oct. 18, 2022, at 182:4-8; Rptr's Trans., Oct. 19, 2022, at 81:4-83:4; Rptr's Trans., Oct. 20, 2022, at 228:18-229:3; 229:12-230:7; 231:7-11.

- Plaintiff, his wife, and the tattoo artist each knew it was not Plaintiff depicted in the mixtape artwork.  Rptr's Trans., Oct. 19, 2022, at 32:4-17; 80:8-18; 95:9-17; 148:19-25; Rptr's Trans., Oct. 20, 2022, at 232:1-22; 233:13-19.

- Plaintiff and his wife were unable to identify *a single person* who saw the artwork mixtape and believed it was Plaintiff.  Rptr's Trans., Oct. 19, 2022, at 97:2-98:13; 99:16-23; 154:5-23.

- Both the model in the mixtape artwork and Cardi B separately posted pictures of themselves together on social media from the photo shoot, publicly identifying the model as a Black man who looks nothing like Plaintiff.  *See, e.g.*, Rptr's Trans. of Jury Trial, Oct. 19, 2022, at 212:2-9.

14

- It was Plaintiff who, when he filed this lawsuit and TMZ ran a story about his claims, that publicly identified the tattoos as based on portions of those on his back.  Rptr's Trans. of Jury Trial, Oct. 19, 2022 at 70:5-71:14.

- Defendants also established that Plaintiff and his wife falsely claimed under oath that they learned of the mixtape artwork eight months before Plaintiff filed suit in October 2017, when, instead, they learned of it in March 2016.  Rptr's Trans. of Jury Trial, Oct. 19, 2022, at 71:15-72:22, 73:2-25, 153:10-15.  As a result, the jury was entitled to disregard all or aspects of their testimony.

### (2)   Defendants Established They Did Not Know the Origin of the Images included in the Mixtape Artwork

Additionally, Plaintiff's claims required evidence that Defendants acted knowingly. *See, e.g., Newcombe*, 157 F.3d at 692.  But, despite Plaintiff's misleading claims (*e.g.*, Pltf's Memo. at 6:12-13, 8:14-16, 9:9-13), Defendants testified that they did not know the mixtape artwork included versions of portions of the photograph of the tattoo.  *See, e.g.*, Rptr's Trans., Oct. 19, 2022, at 193:20-25 ("[T]hat's not Mr. Brophy.  It's not Mr. Brophy.  It don't look like Mr. Brophy.  It's not him."); 197:9-17 ("It doesn't look like Mr. Brophy at all.  Put the picture back up again.  The man has hair.  And in my – and in my social media, I actually posted the model.  Everybody knows the model.  He's a very famous Canadian model with long hair."); 198:16-199:15; 210:23-211:17; 211:25-212:9; 226:2-227:17; 228:19-229:10; Rptr's Trans., Oct. 20, 2022, at 9:15-10:10; 11:21-12:12; 33:15-34:24; 35:12-19.

### (3)   Defendants Presented Substantial Evidence That They Did Not Harm Plaintiff

Resulting injury is an element of each of Plaintiff's claims.  *See, e.g., Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) (required elements of common law misappropriation and § 3344 is "resulting injury").  However,

15

Defendants also presented substantial evidence, through the testimony of Plaintiff and his wife, that Plaintiff did not actually suffer harm:

- Plaintiff kept his job, in fact, his employer has been "supportive" of him. He travels around the world for photo shoots and industry events related to surfing, a sport that he loves.  Rptr's Trans., Oct. 18, 2022, at 207:11-22, 208:19-209:3; Rptr's Trans., Oct. 19, 2022, at 100:23-101:11.

- He lives close to the beach in Orange County, fulfilling a lifelong desire. Rptr's Trans., Oct. 18, 2022, at 205:14-21.

- Plaintiff remains happily married, with two children, and he remains a present and engaged parent in his tight-knit family.  Rptr's Trans., Oct. 18, 2022, at 189:18-19, 201:2-202:5, 202:15-22, 203:15-23, 204:6-8, 204:20-205:6.

- Plaintiff did not seek counseling, therapy, medical attention, or pastoral assistance.  Rptr's Trans., Oct. 18, 2022, at 180:13-18; Rptr's Trans., Oct. 19, 2022, at 46:12-22, 98:21-100:22.

- Plaintiff admitted he did not identify a single person by name who ridiculed him about the use of the tattoo in the Mixtape Artwork.  Rptr's Trans., Oct. 18, 2022, at 178:14-19; 179:5-10, 179:24-180:2; Rptr's Trans., Oct. 19, 2022, at 97:2-98:13.

- Plaintiff failed to provide any documentary evidence showing that he was receiving abuse (or even criticism) related to the Mixtape Artwork. Rptr's Trans., Oct. 19, 2022, at 46:12-22; 63:21-64:2; 64:18-65:7.

- Plaintiff and his wife testified that their eldest child did not seem to be affected by accidentally viewing the Mixtape Artwork in Plaintiff's kitchen. Rptr's Trans., Oct. 19, 2022, at 45:18-24, 63:21-65:7.

- Plaintiff was a member of a vulgar punk rock band called The Pricks and testified that he looked back on that time fondly, including posting old pictures of his performances on social media during the pendency of this

lawsuit where he used obscene gestures.  Rptr's Trans., Oct. 19, 2022, at 101:12-102:4; 102:14-103:12, Ex. 79; 103:13-104:13.

Thus, there was more than sufficient evidence establishing that Plaintiff suffered no harm.

Further, once again, credibility issues are present: Plaintiff and his wife bemoaned the supposed depiction of Plaintiff performing a sex act as contrary to their lifestyle choices, yet they also admitted Plaintiff was a member of a band named The Pricks and that through the years and after he filed this lawsuit he posted on Instagram images of him, for example, making vulgar and obscene gestures to the audience. Rptr's Trans., Oct. 19, 2022, at 101:12-102:4; 102:14-103:12, Ex. 79; 103:13-104:13.

Substantial evidence supports the jury concluding Plaintiff suffered no harm.

### (4)    Defendants Presented Substantial Evidence that the Alleged Use Was Transformative

Plaintiff also argues that Defendants failed to support their defense of transformative use.  Pltf's Memo. at 20-21.  But that is not so.  The graphic artist, Timm Gooden, testified in great detail as to the many creative decisions made in choosing and modifying a portion of the photograph he found on the Internet, all to create album artwork that Defendants established was an intentional and feminist commentary on the stereotypical "usual" roles of the sexes, specifically the submission of women to men.  Rptr's Trans., Oct. 19, 2022, at 203:14-21; 209:12-210:4; Rptr's Trans., Oct. 20, 2022, at 109:13-18, 110:6-12, 135:8-15, 171:14-172:14, 176:3-6, 176:20-177:6, 177:22-178:23.

Given the evidence adduced at trial, the jury's verdict for Defendants was not only reasonable, it was mandated.  In any event, however, Plaintiff's Rule 50(b) Motion also fails because substantial evidence supports the jury's verdict.

### c.    Plaintiff Also Ignores the Fatal Flaws in His Case

Because Plaintiff has the burden of proving that the jury's verdict is not supported by legally sufficient—which it clearly was—it is irrelevant that Plaintiff

believes he proved his claims.  Moreover, Plaintiff ignores the multiple defects in his claims.

### (1)  Plaintiff Failed to Prove that Anyone Thought He Was Depicted in the Mixtape Artwork

Plaintiff failed to identify anyone who thought he is depicted in the mixtape artwork that shows the Black model allegedly imitating a sex act on Cardi B.  *See above* at 13-14.  Instead, he presented evidence only that—after he and TMZ told the world that the tattoos on the Black model were copied from portions on his own back—he was chided by people.  The mixtape artwork's modified versions of portions of tattoos did not identify him, he did.

Plaintiff claims that "the jury heard uncontradicted testimony from Plaintiff that his back tattoo was his art, his masterpiece, that Plaintiff owns [it]."  Pltf's Memo. at 7.  Plaintiff continues to conflate his claims with a copyright claim, and even cites many copyright cases in support of his claim that there was no transformative use.  *Id.* at 20-21.  But the evidence at trial showed that Hendricks, the artist, rather than Plaintiff, owns the copyright to the tattoo (Rptr's Trans. of, Oct. 19, 2022, at 78:6-15), and, of course, this is not a copyright case.  Instead, Plaintiff had to prove that the mixtape artwork's version of portions of the tattoos were so readily identifiable as Plaintiff that people thought he is the man depicted.  This he did not do, which is no surprise given he is a white man with a bald head and the man depicted in the mixtape artwork is a Black man with thick black hair.

Plaintiff also argues that Defendants' prior counsel and Mr. Gooden recognized a photograph of the Internet as depicting Plaintiff's back.  Pltf's Memo. at 17-19.  But that photograph was the entirety of Plaintiff's back.  Further, the jury had ample opportunity to consider Plaintiff's argument and either concluded it did not suffice or found for Defendants on other grounds, such as transformative use.

**(2)    Plaintiff Failed to Establish That He Suffered Harm**

Plaintiff argues that he provided "ample evidence of harm."  Pltf's Memo. at 19-20.  Even if this were sufficient to overturn a jury verdict—and it is not—Plaintiff's claim is entirely unsupported by the record.  Indeed, Plaintiff acknowledges that his only claimed evidence of harm is his and his wife's testimony.  Pltf's Memo. at 19-20.  Determining whether this testimony was credible lies solely with the jury and the jury apparently did not buy it.  And there was a substantial basis for the jury to not credit Plaintiff's and his wife's testimony. *See above* at 15-17.

**5.    CONCLUSION**

Plaintiff's Rule 50(b) Motion fails on multiple grounds.  First, Plaintiff failed to comply with Local Rule 7-3.   Second, Plaintiff did not agree to the proposed stipulation and also failed to timely make a Rule 50(a) motion before the case was submitted to the jury, and none of Plaintiff's excuses for not doing so hold water.  Third, Plaintiff fails to establish that the jury's verdict is not supported by the evidence and, in addition, Plaintiff failed to establish required elements of his claims.  Defendants respectfully submit that Plaintiff's Motion must be denied and Judgment should be entered pursuant to the jury's verdict.

Dated: December 12, 2022

_____
Peter Anderson
Jonathan Segal
Rachel Goldberg
Farrah Vazquez
DAVIS WRIGHT TREMAINE LLP
Attorney for Defendants
BELCALIS ALMANZAR pka CARDI B, WASHPOPPIN, INC., and KSR GROUP, LLC

Lisa F. Moore (admitted *pro hac vice*)
MOORE PEQUIGNOT, LLC
Attorney for Defendants
BELCALIS ALMANZAR pka CARDI B and WASHPOPPIN, INC.